A. & D. Rly. Co. v. Lyon.

THE ATCHISON & DENVER RAILWAY CO. V. ALFRED LYON.

1. RAILROAD RIGHT OF WAY; *Damages; Finding.* In a proceeding upon appeal to recover damages for the right of way appropriated to the use of a railroad company, the owner of the land filed a petition setting forth his claim, but made therein no reference to the construction of any crossings or bridges, and no sufficient evidence was offered showing any necessity for the land-owner to build a bridge for a farm-crossing. *Held,* That a finding of $85 for a bridge, as an element of damage, not sustainable.

2. —————— *Speculative Damages.* In assessing damages done to land by reason of the appropriation of a right of way through it for a railroad, the liability of teams being frightened, or that additional care by the land-owner may be necessary in the future as to such teams, by reason of the proximity of the railroad, does not of itself constitute any basis for special compensation. Such damages are speculative, and not the proper subject of inquiry and damage.

*Error from Mitchell District Court.*

THE nature of the action, and the facts, appear in the opinion. At the December Term, 1879, of the district court, *Lyon* had judgment against the *Railway Company,* which brings the case to this court.

*Horace Cooper, Clark A. Smith,* and *D. Martin,* for plaintiff in error.

*Levi Cooper,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The plaintiff in error laid off and condemned a right of way for its railroad over and across the northeast fractional quarter of section 30, township 6, range 10, containing $144\frac{80}{100}$ acres, in Mitchell county. The report of the right of way, filed by the commissioners in the office of the county clerk of that county, June 6, 1879, showed the condemnation of a strip 100 feet in width, the center line thereof entering the east side of said tract, at a point 1,410 feet south of the northeast corner, and leaving the west side

at a point 1,722 feet south of the northwest corner thereof, its course being on a tangent or straight line 2,378 feet in length, and occupying $5\frac{47}{100}$ acres of land in the quarter-section. The commissioners awarded, as the value of the land taken and the damages to the entire tract, the sum of $225. The defendant in error, claiming to be the owner of the land, filed his bond for appeal to the district court of said county. Thereafter, he filed a petition in the court, in which he set forth his claim for damages in the language following, to wit:

"That the appraisement of value and assessment of damages to said land of said plaintiff, as shown by the report so filed as aforesaid, is grossly inadequate and wholly insufficient to compensate him for the value of the land so taken, and the damages he has sustained thereby; that the land of said plaintiff so taken, is of the value of five hundred dollars; and the plaintiff further says, that by reason of the appropriation of such right of way, said tract of land has been divided into two separate tracts of land, and divided in such a manner that it has been rendered less valuable for farming, stock raising, and other purposes, and otherwise damaged by the construction of said railway, to the injury and damage of said plaintiff's lands, in the sum of five hundred dollars, making the total damages to said plaintiff the sum of one thousand dollars."

On November 1, 1879, the plaintiff in error filed an answer admitting its incorporation and the condemnation of the railroad route across the tract of land, and denying each and every other allegation contained in the petition. At the trial of the cause at the December Term, the jury returned answers to special questions submitted to them, and also a general verdict in favor of the defendant in error for $312. The special questions submitted, and the answers of the jury thereto, are as follows:

"Q. 1. What was the actual market value of the $5\frac{47}{100}$ acres of land taken for the right of way, without reference to any question of damages to the remainder of the farm? A. $66.

"Q. 2. In addition to the value of the land taken, what was the amount of the real and actual damages to the remainder of the farm by reason of the taking of the $5\frac{47}{100}$ acres by the defendant for a right of way for its railroad? A. $246.

"Q. 3. How much was the damage to that part of the farm north of the right of way? A. Nothing.

"Q. 4. How much was the damage to that part of the farm south of the right of way? A. $108.

"Q. 5. What are the several elements or sources of damages which make up the aggregate of the answer to special question 2, and how much of said aggregate is made up by each of said elements or sources of damage? A. Bridge, $85; extra care of stock, $53; right of way, $66; damages on the land, $108; aggregate, $312. L. A. NELSON, *Foreman.*"

Motions were made by plaintiff in error to deduct the following sums from the general verdict, viz.: $85, $53, and $66. These several motions were overruled, and judgment rendered in accordance with the verdict.

Objection is made to the character of the evidence touching the valuation of the land before and after the location of the railroad upon it, and also as to the instructions of the court thereon. We think this objection is substantially met in *K. C. Rly. Co. v. Allen,* ante, p. 33.

The other objections of counsel are more tenable. The two items, "bridge, $85," and "extra care of stock, $53," ought to have been deducted from the verdict, as these items were improperly included as elements of damages, in the aggregate of $312. There was no claim in the petition for the value of any bridge, and the evidence did not warrant the finding. In assessing damages to land appropriated for the right of way through it for a railroad, the jury may always take into consideration all incidental loss, inconvenience and damages, present and prospective, which may be known, or may reasonably be expected to result from the construction and operation of the road in a legal and proper manner, but as the proceeding by appeal is in the nature of a revision of the award of damages made by the railway commissioners, the verdict is not to be based upon the supposition that the road is to be illegally operated or improperly maintained. (*M. K. & T. Rly. Co. v. Haines,* 10 Kas. 432–442; Mills on Eminent Domain, §§ 213–215.) The item of $53 for extra care of stock, seems to have been allowed under the following direction of the court: "Though upon the matter of

scaring teams, I will say, that the fact of the liability of teams being scared, and the additional care necessary to be used in using such teams by the plaintiff upon the land in question, is an element of damages you can take into consideration." This direction to the jury permitted speculative damages for which no compensation is properly recoverable, and therefore the damages returned cannot be sustained. It is not every conceivable annoyance and inconvenience resulting from proximity to, and intersection by, a railroad, that is the proper subject of inquiry and damage. Of course, acts which at times are legal and necessary, may be done without necessity — out of mere heedlessness and negligence, or with a wanton and criminal intent to do wrong — and thereby a railroad company may incur a liability to the person injured, whether he be the owner of the land or not. (*A. & N. Rld. Co. v. Garside*, 10 Kas. 552; *Culp v. A. & N. Rld. Co.*, 17 Kas. 475; *Isom v. Miss. C. Rld. Co.*, 36 Miss. 300; *Presbrey v. Old Colony & Newport Rly. Co.*, 103 Mass. 1; Mills, *supra*, § 193.)

Counsel for defendant in error concedes in his argument the inconsistency of the answers to the special questions with the general verdict, but claims the general verdict should stand upon the ground that it is supported by the evidence, and that the jury were misled by the questions submitted and gave incorrect responses. This might be an argument against jury trials in general, and the incapacity of the jury in this particular case, but it is no valid reason for a disregard of the command of § 287 of the code, nor ought we to indulge in the presumption that the jury were too ignorant to comprehend their duty. When the special findings of fact are inconsistent with the general verdict, the former control the latter and the court must give judgment accordingly. The case will be remanded with direction to the district court to enter judgment for $174, and adjudge the costs of the appeal against defendant in error. (Comp. Laws 1879, p. 231; § 86; p. 721, § 128.) The costs in this court will be divided.

All the Justices concurring.