Dee McReynolds *et al.*

*v.*

The Burlington and Ohio River Railway Company.

*Filed at Springfield March 29, 1883.*

1. EVIDENCE—*opinions of witnesses as to damages, in proceeding to condemn right of way—of their weight.* The opinions of witnesses upon the question of damages, in a proceeding to condemn land for a right of way, are not to be passively received and blindly followed, but they are to be weighed by the jury, and judged of in view of all the testimony in the case and the jury's own general knowledge of affairs, and have only such consideration given to them as the jury may believe them entitled to receive.

2. EMINENT DOMAIN—*what are elements of damages—railroad crossing a farm.* The inconvenience of carrying on a farm divided into two parts by a railroad, is a legitimate element of damages to be considered by the jury in assessing damages for right of way, although such damages may be largely conjectural, and not susceptible of anything like definite ascertainment.

3.  SAME—*danger in crossing the railroad track—as an element of damages.*  But damages 'from danger of crossing the road with teams, and for danger to children and members of the family of the owner, are so unreliable and uncertain as not to form a proper basis in the assessment of damages.  The assessment should be confined to such damages only as are reasonably probable. ·

4.  SAME—*special benefits—when allowed as against damages.*  It is not error to instruct a jury on the assessment of damages in a proceeding to condemn land for a right of way, that if by the construction of the railway the defendant's lands will be specially benefited, they should find only the compensation for the land actually taken, where there is evidence on which to base such instruction.

5.  SAME—*new trial on evidence.*  Where the evidence as to damages from locating a railway across a farm is conflicting and widely variant, and the jury go upon the premises and examine for themselves, their assessment of damages will not be set aside though not so large as the preponderance of the evidence preserved might justify, where the finding is not manifestly wrong upon the proofs.

6.  PRACTICE—*right to open and close case before jury.*  The party against whom judgment would be given as to a particular issue, whether affirmative or negative, in case no proof was offered on either side, has the burden of proof, and has the right to open and close the case, whether plaintiff or defendant.  Therefore a party seeking to condemn land for right of way, on the question of the assessment of the damages to be paid has the right to open and close the case to the jury.

7.  SAME—*right to withdraw motion for new trial.*  There is no error in allowing a party to withdraw his motion for a new trial after the opposite party consents that the motion be allowed.  There is nothing to preclude a party from withdrawing a motion made by him, and the consenting of the adverse party to its allowance can make no difference.

APPEAL from the County Court of Macoupin county; the Hon. LEWIS P. PEEBLES, Judge, presiding.

Mr. G. L. ZINK, and Messrs. ANDERSON & BELL, for the appellants :

The verdict of the jury is so clearly against the preponderance of the evidence that a new trial should have been granted.  The witnesses place the damages greatly in excess of the sum allowed by the jury.  These witnesses, in the language of the court in *Keithsburg and Eastern R. R. Co.* v.

*Henry,* 79 Ill. 290, "were all acquainted with the farm; they knew the value of the land, and were familiar with the use and productions of such property, and were well qualified to form correct opinions as to the value of the farm, either with or without the road," etc.

The fact that the jury make a personal examination of the land and the line of the road, will not authorize them to entirely disregard the other evidence in the case.

The court erred in instructing the jury they might deduct and set off from the damages to the land not actually taken, any special benefits resulting to the farm from the construction and operation of the road.    This is in the face of section 9 of the Eminent Domain act, and *Keithsburg and Eastern R. R. Co.* v. *Henry,* 79 Ill. 290.

The court erred in permitting appellee to withdraw its motion for a new trial, against the objection of appellants, after the same had been confessed, and consented to by appellants.    *Penn* v. *Oglesby,* 89 Ill. 110.

Mr. R. B. Shirley, for the appellee:

The testimony as to the damages amounts to nothing but the opinions of witnesses, and the jury were only required to weigh such testimony, and give such weight as they believed it to deserve.    *Keithsburg and Eastern R. R. Co.* v. *Henry,* 79 Ill. 290.

Where the jury go upon the premises and make a personal examination, what they thus learn from their own observation the court can not know.    The result of such investigation may have justified the assessment made, even if the preponderance of the evidence in the record might be different.    *Chicago and Iowa R. R. Co.* v. *Hopkins et al.* 90 Ill. 323.

The term "special benefits," in the instruction complained of, means such as are special to the land, and not those that are common to other property.

There was no error in allowing appellee to withdraw the motion for a new trial, nor in refusing to allow appellants to open and close the case to the jury. *Village of Hyde Park* v. *Dunham*, 85 Ill. 572.

Mr. Justice Sheldon delivered the opinion of the Court:

This was a petition filed by the Burlington and Ohio River Railway Company, in the county court of Macoupin county, for the purpose of condemning, for the right of way of its railway, two certain strips of land. The defendants in the petition were the owners of two different farms, lying each in a compact body, and consisting, one of 256 acres, and the other of 420 acres. The petition sought to condemn a strip of land through the smaller body, ninety feet wide, containing $6\frac{14}{100}$ acres, and one through the other, sixty-six feet wide, containing 9 acres and a fraction. A cross-petition was filed by the defendants, claiming damages to the whole of the several 256 acres and 420 acres. The jury went upon and viewed the premises, as provided for by the statute, and found the damages to be, to the smaller tract, $404.20, and to the larger, $859.50,—$1263.07 in all. The defendants appeal from the assessment.

It is complained that the verdict is clearly against the preponderance of the evidence. This would be so if the opinions of witnesses, as expressed, were to be taken as the measure of damages. The sum of the several estimates of damages, divided by the number of witnesses, would give an amount much larger than that which was assessed. But this is not the mode to deal with the opinions of witnesses. They are not to be passively received and blindly followed, but they are to be weighed by the jury, and judged of in view of all the testimony in the case and the jury's own general knowledge of affairs, and have only such consideration given to them as the jury may believe them entitled to receive. The opinions of witnesses is a variable and uncertain class

of testimony, especially upon a question of damages like the present, where there was no matter of special damage claimed, but damage only from the general inconvenience of carrying on the farm with the railroad running through it. An illustration is found in this case, where opinions of the amount of damages range from nothing to $4000 and upwards. There was testimony that the land would be specially benefited in the draining of it. The basis upon which the larger amounts of damages was estimated, was, in part, of the most unreliable and unsatisfactory character,—such as, the danger of crossing with teams, and danger of children and members of the family getting hurt, besides the general inconvenience in carrying on a farm divided into two parts by a railroad. The inconvenience of carrying on the farm because of the railroad would be a legitimate item of damage to be considered, although the damage from that source would be largely conjectural, and not susceptible of anything like definite ascertainment; but injury from the other sources of danger above named would be but merely possible. Such merely possible damages do not form a proper basis for the assessment of the amount of damages,—it is only such damages that are reasonably probable. See *Jones* v. *Chicago and Iowa R. R. Co.* 68 Ill. 380.

The opinions of witnesses, here, were extremely conflicting. The jury went upon the premises, and saw for themselves the situation. What was the influence of the evidence which the jury thus derived from their own personal observation in determining the value to be placed upon the opinions of witnesses, we know not. The force of such evidence was remarked upon in *Chicago and Iowa R. R. Co.* v. *Hopkins,* 90 Ill. 323, where we said the result of the jury's own observation, where they go upon and view the land, may have been such as to have justified the assessment made, even if it was clear the preponderance of evidence preserved in the record was against the amount of the assessment. We can

not say that the finding of the jury, here, was so manifestly wrong under the evidence that it should be disturbed.

Objection is taken to the refusal of the court below to permit the defendant's counsel, on his motion, to open and close the case before the jury. The decisions of courts are not uniform upon this question. The general rule, as laid down in Wharton on Evidence, sec. 357, is: "It may be stated, as a test of universal application, that whether the proposition be affirmative or negative, the party against whom judgment would be given as to a particular issue, supposing no proof to be offered on either side, has on him, whether he be plaintiff or defendant, the burden of proof, which he must satisfactorily sustain." The present proceeding is not one by the land owner to have an assessment made of his damages or compensation for the taking of his land, but it is a proceeding instituted by the railroad company to ascertain what is a just compensation for the land sought to be appropriated. By our State constitution the land can not be acquired without just compensation to the land owner, to be ascertained by a jury. The statute upon the subject contemplates that the jury are to ascertain the compensation "after hearing the proof offered." Should there, then, be no proof offered, the petitioner would be defeated. It would fail of having an ascertainment by the jury upon proof offered of what was a just compensation for the land, without which it would be unable to acquire the land sought to be appropriated. Under the rule, then, that the party entitled to begin is he who would have a verdict against him if no evidence were given on either side, we think the court below properly ruled that the petitioner should open and close. This view is in agreement with the decision of the Supreme Court of Ohio upon this precise question, in the well considered case of *Neff* v. *Cincinnati*, 32 Ohio St. 215, under the constitution and statute of that State, which we take to be similar to ours upon this subject.

The petitioner moved the court below for a new trial, and consented that the motion be overruled *pro forma.* The defendants confessed the motion. The petitioner then asked leave to withdraw the motion. Leave was granted, to which ruling defendants excepted, and entered their motion for a new trial, which motion was afterward overruled, and judgment entered upon the verdict. This action of the court in permitting petitioner to withdraw its motion for a new trial, against the objection of the defendants, after the same had been confessed and assented to by defendants, is assigned for error. The action of the court in the above regard was proper. There is nothing to preclude a party from withdrawing a motion he may have made, whether for a new trial, or of other character; and the consenting to the motion by the opposite party would make no difference.

The jury were instructed, that if, by the construction of the railway, the lands would be specially benefited to the extent, or greater than, they would be damaged, then the jury would only find a verdict for the compensation for the strips of land actually taken. Exception is taken to this instruction. The fault found with it is in the respect of *special benefits,* in not limiting them to such as are *not common to other property.* Special benefits mean benefits not common to other property; and any possible danger that there could have been of the jury being misled in that respect, was obviated by instructions asked and given on behalf of the defendants, defining and explaining special benefits as such that were not common to other property.

Finding no error in the rulings below, the judgment is affirmed.

*Judgment affirmed.*