The Chicago, Peoria and St. Louis Railway Company

*v.*

Michael Greiney.

*Filed at Mt. Vernon November 5, 1890.*

1. Eminent domain—*measure of damages—elements considered.* In a condemnation proceeding the court instructed the jury that they were justified in taking into consideration not only the value of the land actually taken, but all facts which contribute to produce damage to that not taken, as, if it appears from the evidence that the farm is cut in an inconvenient shape for cultivation or other farming purposes; or that the land is divided or cut off from water, pasture or improvements; or that any spring, well or water supply is destroyed or cut off from the dwelling house; or that there is danger from killing or injuring stock; or damage from fire from passing engines; or that there will be inconvenience in crossing or recrossing the right of way and track in going from one part of the farm to another; or the injury, if any, by reason of the field or farm being thrown open until the company fences the right of way, and all damages that are reasonably probable to flow from the construction and operation of the proposed road: *Held,* that the facts recited therein are circumstances which might tend to deteriorate the value of the farm, and therefore contribute to produce damages, and that there was no error in giving the instruction.

2. The material inquiry is the fact of depreciation in the market value of the land not taken, but it is within the province of the jury to inquire whether the facts recited in the instruction exist, and if so, whether they caused a depreciation, and its extent, in the market value.

3. As to the land not taken for right of way, the land owner can recover damages only for the depreciation in its market value; but the jury may take into consideration all facts which contribute to produce damage to the land not taken, as they appear from the evidence.

4. Where the petitioner introduces evidence that the portion of the farm cut off from the buildings might be sold to adjoining land owners at but little depreciation, the land owner may show in rebuttal that the buildings are of a size and character particularly suited to the farm, and therefore too extensive and valuable for less than the entire farm.

5. Practice in the Supreme Court—*objection to evidence, on appeal—error will not always reverse.* In a proceeding to condemn a strip of land through a farm for a railroad track and right of way, the land owner gave evidence of the value of apple trees growing upon the land taken, independently of the value of the land. This evidence did not appear to have been objected to when it was offered, and it did not appear to have affected the verdict : *Held,* that the railway company had no right, on appeal, to complain of the introduction of the evidence.

6. An error in the admission of evidence may be corrected by proper instructions, and when it is apparent from the verdict that such error worked no harm to the party complaining, it will not require a reversal.

Appeal from the Circuit Court of Madison county ; the Hon. William H. Snyder, Judge, presiding.

Messrs. Morrison & Whitlock, and Messrs. Dale & Bradshaw, for the appellant :

The measure of damages to contiguous lands not taken is the difference between the value of the land as a whole, before and after the construction of the road built to the plan proposed. *Railway Co.* v. *McDougal,* 126 Ill. 111; *Dupuis* v. *Railway Co.* 115 id. 97 ; *Railway Co.* v. *Walsh,* 106 id. 253.

The court erred in admitting evidence of the value of the trees and improvements, independent of the land.

No damages are allowable for the danger of injury from fire or from killing stock. They are too remote and speculative. *Jones* v. *Railroad Co.* 68 Ill. 280 ; *McReynolds* v. *Railway Co.* 106 id. 152. ·

Messrs. Happy & Travous, for the appellee :

The instructions given by the court on behalf of appellee state the law correctly. In assessing the damages to the owner the jury were justified in taking into consideration not only the value of the land actually taken, but all facts which

contribute to depreciate in value that not taken. *Railroad Co.* v. *Bowman*, 122 Ill. 595; *Railroad Co.* v. *Hopkins*, 90 id. 316; *Railway Co.* v. *Teters*, 68 id. 144; *Railroad Co.* v. *Brake*, 125 id. 393; *Railroad Co.* v. *McKinley*, 64 id. 338.

It was not error to instruct the jury that they had "no right, arbitrarily, to disregard or ignore the evidence introduced before them, and fix the compensation or damages contrary thereto." There was no conflict of evidence in this case. It is only when the evidence is conflicting that the jury may draw their own conclusions from a personal view, and even then not by "arbitrarily" ignoring the evidence introduced. *Railroad Co.* v. *Schneider*, 127 Ill. 144.

The court properly refused to instruct the jury that they could not allow anything on account of damage from the noise of passing trains. Such is not the law, and, if it was, there was no evidence upon which to base such an instruction. *Stack* v. *East St. Louis*, 85 Ill. 377; *Stone* v. *Railroad Co.* 68 id. 394; *Insurance Co.* v. *McKee*, 94 id. 494.

Errors in the admission or rejection of evidence, the giving or refusing of instructions, or otherwise, which work no injury to the party complaining, are not grounds for reversal. *Railroad Co.* v. *Winslow*, 66 Ill. 219; *Davenport* v. *Ryan*, 81 id. 218; *Beasley* v. *People*, 89 id. 571; *Kiernan* v. *Railway Co.* 123 id. 188; *Mosher* v. *Rogers*, 117 id. 446; *Railway Co.* v. *Moore*, 124 id. 329.

Where the strip of land taken has a greater value in connection with the whole tract than as a separate parcel, it is proper to show such value. *Railroad Co.* v. *Bowman*, 122 Ill. 595; *Railroad Co.* v. *Blake*, 116 id. 163.

Appellant not being required to fence its road for six months after the same is open for use, the inconvenience to appellee from having his farm thrown open was a material and proper element of damage. *Railroad Co.* v. *Rixman*, 121 Ill. 214; *Railroad Co.* v. *Kirby*, 104 id. 345.

Mr. Justice Scholfield delivered the opinion of the Court :

This was a proceeding, under the statute relating to eminent domain, to condemn right of way for appellant's road. The jury assessed the value of appellee's land taken ($6\frac{97}{100}$ acres) at $557.60, and the damages to his lands not taken at $3067.40, and the court rendered judgment for those amounts. Several grounds of reversal are urged.

*First*—It is objected that evidence was admitted tending to prove, that because a small strip of land was taken, and that without appellee's consent, a greater price, proportionately, should be awarded than if the entire body of land had been taken with his consent. The jury were instructed by the court that appellee was entitled to receive "the fair and reasonable cash market value of the land actually taken for right of way ;" that "the market value of the land taken for right of way is what the same, in the opinion of the jury, would have sold for cash, if offered for sale at the date of filing the petition herein ;" and that "the jury can not legally allow anything, either for the value of the land actually taken for right of way or for damage to the contiguous lands not taken, because of the law authorizing the taking such lands for right of way without the consent of the land owner." The only evidence offered by appellant in regard to the value of the land taken was that the entire farm was worth $85 per acre, and this would have authorized a verdict for the land taken of $592.45, instead of only $557.60, for which the verdict was rendered. So, also, the evidence given in behalf of appellee would have authorized a verdict for damages to lands not taken of $6000, instead of only, as rendered, for $3067.40. It is therefore manifest, that the instruction of the court corrected any error there may have been in the respect of which complaint is made in the admission of evidence, and that that error did appellant no harm.

*Second*—It is objected that the court permitted evidence of the value of the apple trees growing upon the land taken, to

be given to the jury, independently of the value of the land to which they were attached. But this evidence does not appear to have been objected to at the time it was offered, and it is apparent from the verdict, when the evidence of the value of the entire farm is considered, that it did not affect it. Appellant, therefore, has no right now to complain of its introduction.

*Third*—It is objected that evidence was given of the value of buildings, independently of the value of the land. This, as we understand the record, was simply for the purpose of rebutting evidence offered by the appellant, to the effect that the portions of the farm cut off from the buildings might be sold to adjoining land owners at but little depreciation, by showing that the buildings were of a size and character particularly suited to this farm, and therefore too extensive and valuable for less than the entire farm. We see no serious objection to it, in this view. Moreover, we think it is manifest, from the face of the record, that the verdict was unaffected by it.

*Fourth*—It is objected that the court instructed the jury, that "in assessing the damages to the owner of the land they are justified in taking into consideration not only the value of the land actually taken, but all facts which contribute to produce damages to that not taken, as, if it appears from the evidence that the farm is cut in an inconvenient shape for cultivation or other farming purposes; or that the land is divided or cut off from the water, pastures or improvements; or that any spring, well or water supply is destroyed or cut off from the dwelling house; or that there is danger from killing or injuring stock; or damage from fire from passing engines; or that there will be inconvenience in crossing or recrossing the right of way and track in going from one part of the farm to another; the injury, if any, by reason of the field or farm being thrown open until the company fences the right of way, and all damages that are reasonably probable to flow from the construction and operation of the proposed road." Counsel argue that this is, in effect, allowing for supposed damages to

stock and for supposed damages from fire, which this court has held, and properly, is not admissible. But this is not the language or the meaning of the instruction. The effect of the instruction is, that the jury are to take into consideration all facts which contribute to produce damage to the land not taken, as they appear from the evidence. That the facts recited are circumstances which may tend to deteriorate the value of a farm, and therefore contribute to produce damage to land not taken, we think can admit of no controversy. The recovery can only be for the depreciation in the market value of the land not taken, and the jury were expressly told, in an instruction given at the instance of appellant, that they were "not authorized by law to allow anything, by their verdict, by reason of any supposed damage to stock from the use of said right of way for railroad purposes, or for damage to the person of the land owner or any member of his family, or the damage to stock by reason of the taking and subsequent using of said right of way; that the law considers the probable damage to stock or to the family of the land owner as too remote and speculative to be considered in estimating the just compensation to be paid for such right of way." A depreciation in the market value of the land is quite a different thing, and whether that is because of the inconvenient shape of fields, non-access from one part to another, caused by the building of the road, or from injuries anticipated to property from its operation, the result is the same, and is solely because of the building and operating of the road, and therefore to be compensated for by appellant. The material inquiry is the fact of depreciation in market value, but it is within the province of the jury to inquire whether the facts thus recited exist, and if they exist, whether they cause a depreciation, and, if any, its extent, in the market value.

We find no cause to disturb the judgment below, and it is therefore affirmed.

*Judgment affirmed.*