THE FLORENCE, EL DORADO & WALNUT VALLEY RAILROAD COMPANY v. J. Q. PEMBER.

1. RAILROAD —*Right-of-Way—Speculative Damages.* "In assessing damages done to land by reason of the appropriation of a right-of-way through it for a railroad, the liability of teams being frightened, or that additional care by the land-owner may be necessary in the future as to such teams, by reason of the proximity of the railroad, does not of itself constitute any basis for special compensation.  Such damages are speculative, and not the proper subject of inquiry and damage." (*A. & D. Rly. Co. v. Lyon,* 24 Kas. 745.)

2. OPINION EVIDENCE—*Proper Question.*   In an action for damages in a railroad right-of-way case, it is not error to permit the following question: "State what this land was worth just after the line was taken by the railroad as a whole tract, taking into consideration the damages the railroad did the land?

3. INSTRUCTIONS, *to be Followed.*   The instructions of the trial court are the law of the case, for the jury to obey and follow.  A finding against the instructions of the court cannot constitute any portion of a judgment. (*U. P. Rly. Co. v. Hutchinson,* 40 Kas. 51.)

*Error from Cowley District Court.*

A SUFFICIENT statement of the case is contained in the opinion.

40—45 KAS.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*McDermott & Johnson,* for defendant in error.

Opinion by STRANG, C.: This was an appeal from right-of-way condemnation proceedings.

It was tried in the district court of Cowley county before a jury January 4, 1888, resulting in a verdict for the defendant for the sum of $1,460. Motion for a new trial was overruled, and the plaintiff brings the case here for review. The first error complained of arose out of the action of the court in refusing to withdraw certain evidence from the jury. The plaintiff was asked the following question:

"Q. What other inconvenience arises from the cultivation of the land on the west side of the railroad? A. It is very inconvenient in regard to my teams; it frightens my teams to cultivate up close to the railroad."

Again, a witness for the plaintiff was asked as follows:

"Q. You may state what inconvenience the location of this railroad causes him in the use of his farm? A. Another thing, in crossing the road, if you drive your team up there, you have got these gates to open, and leave your team standing while you are doing it; his horses are generally like mine, he cannot leave them standing safely, and get off and open the gates."

The defendant moved the court to withdraw the above answers from the jury, because the matter to which they relate was not a proper subject of damage, and could not be considered in the estimate of damages in the case. This was refused by the court. The question raised on this assignment has already been settled by this court in favor of the plaintiff in error. (*A. & D. Rly. Co. v. Lyon,* 24 Kas. 745.) But as the findings of the court determine the exact amount of damage awarded the defendant on account of the matter raised by this evidence, it becomes the duty of the court to modify the judgment to that extent, and let the balance of the judgment, so far as this assignment is concerned, stand.

The second assignment of error relates to the admission of evidence. A witness for the plaintiff was asked the following questions:

"Q. State what this land was worth just after the line was taken by the railroad as a whole tract? A. Taking into consideration the damages the railroad did. the land?

"Q. Yes, sir. A. I couldn't only put my own estimate upon it.

"Q. What is that?" [Defendant objects to this as incompetent, irrelevant and immaterial, and calling for a conclusion of the witness; which objection was overruled, and defendant excepted.] "A. $4,500."

This court is of the opinion that the question here complained of was a proper one. We think from an examination of the evidence, before and after this question, that the use of the word "worth" in the question was treated by all parties on the trial as equivalent to value, market value. There was no objection to its use at any time, and it seems to have been employed constantly throughout the trial.

In the third complaint, the plaintiff alleges that the jury did not obey the instructions of the court. The court instructed the jury that the plaintiff had introduced testimony tending to show that the right-of-way left a wedge shaped strip of land on the east side of the railroad, and that by reason thereof the real estate was worthless, and had introduced testimony tending to show that by reason of the taking of the right-of-way by the defendant through plaintiff's land, he had been damaged by having his land cut into two pieces, and having gates to open and close that he did not have before; and then added: "But he has not introduced testimony to prove the amount of such damages. The burden of proof of damages by reason thereof is upon the plaintiff, and in the absence of testimony as to the amount of such damages which the plaintiff has sustained by reason thereof, you will be justified in finding only nominal damages therefor." The jury should have obeyed the instructions of the court respecting this item of damage. (*U. P. Rly.*

*Co. v. Hutchinson,* 40 Kas. 51.) This item of damage, $60, as found by the jury, will be stricken out.

We also think this item should be deducted from the amount of the judgment, because it is apparent that it was included in the amount found in the 17th finding by the jury. In this finding the jury return $743 damage by reason of the railroad passing between the house of the plaintiff below and the public highway. It was this fact that rendered the gates necessary, and resulted in whatever damage was or may be suffered by reason of opening and shutting the same.

It is recommended that the judgment in this case be modified by reducing the same to $1,350, and that the costs be divided between the plaintiff and the defendant, each paying one-half thereof.

By the Court: It is so ordered.

All the Justices concurring.