THE ST. LOUIS, KANSAS & SOUTHWESTERN RAILWAY
COMPANY v. JAMES A. HAMMERS.

EMINENT DOMAIN — *Speculative Damages.* In an appeal from an award
made in a condemnation proceeding for the right-of-way for a rail-
road, the jury, in answer to a special question, stated that the greater
part of the award made was for the frightening of stock by passing
trains.  *Held,* That such damages are speculative, and not a proper
element in awarding compensation. (*Railway Co. v. Lyon,* 24 Kas. 745.)

*Error from Harper District Court.*

PROCEEDINGS by the *Railway Company* against *Hammers,*
to condemn a portion of his land for a right-of-way.  On ap-
peal to the district court, defendant had a judgment for $625,
and plaintiff comes to this court.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plain-
tiff in error:

The general verdict is made up from the $25 for the land
actually taken and $600 based upon the conjectural damages
which might occur from the frightening of stock.   If we con-
sider the small corner — half an acre — as being wholly ap-
propriated, together with the land in the right-of-way, but
one acre of land was taken and cut off, and, at the value
fixed by the jury per acre, this would amount to only $45.
The feed lot consisted of 15 acres; there were, therefore, 14
acres left, and the jury awarded as large damages as though
the railroad had taken the entire 15 acres of land.   Yet the
plaintiff may still use this land, and is not divested of any
title in it.   It will, therefore, be seen how exorbitant and
unreasonable the verdict is.   The theory upon which the
plaintiff tried the case was not that the farm was damaged to
a great extent, but simply that the business which he carried
on would be affected; that the feed lot, as a feed lot, would
not be so desirable.   But damages cannot be allowed to a
business carried on, because this must be something wholly

conjectural and speculative. See Mills, Em. Dom., 2d ed., § 191.

But the jury seem to have based the main item of damages, to wit, the sum of $600, as damages arising from the frightening of stock, evidently based upon the testimony of the witnesses for the plaintiff that the operation of the railroad would scare the cattle or hogs in the field. This element of damage, however, is too remote and uncertain to be the basis of a recovery. It is not allowed in cases of this sort. See *A. & D. Rly. Co. v. Lyon*, 24 Kas. 745; Mills, Em. Dom., 2d ed., § 193.

*J. P. Grove*, for defendant in error; *Shepard, Cherry & Shepard*, of counsel:

Counsel for plaintiff in error say that the damages are too remote; are conjectural and fanciful; and in support of that contention cite *A. & D. Rly. Co. v. Lyon*, 24 Kas. 745. The case is not in point, except to illustrate a well-known principle always recognized in the trial of suits for damages in right-of-way cases. In that case a petition was filed setting out the particular and special damages claimed by Lyon, and in that petition no claim was made for compensation for the construction of a bridge; so that item was improperly allowed by the jury; $66 were allowed for the value of the land taken, and $108 for damage to the remainder of the land. Those were the only two proper elements of damage shown by the evidence and findings in that case; and they were both proper, and sustained by the court. That is just what Hammers contends for, and what the jury allowed in the trial of the cause in the court below—$25 for the land taken for the right-of-way, and $600 for damage to the remainder of the land.

It is true that it is not the province of the jury to allow anything specially [separately] for the noise and confusion incident to the operation of trains, but it is no doubt true that these are proper elements to be considered by witnesses in estimating the value of real estate after the construction of the road. See *Blakely v. C. K. & N. Rly. Co.*, 25 Neb. 212.

It has also been considered a damage to grazing land to run and operate a railroad through the tract, as the cattle would thereby be disturbed so as not to fatten so readily. See *Balt. Rld. Co. v. Thompson*, 10 Md. 76; Mills, Em. Dom., § 193.

It was considered to be a proper claim for damages that the vibration caused by running trains on a railroad rendered beer in a public house unfit for consumption, and thereby lessened the value of the premises. See *L. & N. W. Rly. Co. v. Bradley*, 6 Eng. Rld. Cases, 551; *Brand v. City Rld. Co.*, L. R. 2 Q. B. 223; Mills, Em. Dom., § 193; Lewis, Em. Dom., § 230.

It is damages and inconveniences resulting from the lawful and proper management and operation of a railroad that are proper to be taken into consideration in forming an estimate of damages; such as smoke, sparks, (in the careful management of engines,) cinders, the noise and rumbling of trains, as well as the vibration caused by passing trains, cracking walls, etc., that may be considered (by the witnesses) in determining of how much less value are the premises after the construction and operation of the road than before. See Wood, Railways, p. 918, *et seq; Jeff. Rld. Co. v. Eserlee*, 13 Bush (Ky.), 667; *U. Rld. Co. v. Moore*, 80 Ind. 458; *In re N. Y. C. Rld. Co.*, 15 Hun (N. Y.), 63; *Park v. Wis. Cent. Rly. Co.*, 33 Wis. 413; *Snyder v. West. Union Rly. Co*, 25 id. 60.

The opinion of the court was delivered by

JOHNSTON, J.: This was a condemnation proceeding which was tried upon an appeal in the district court of Harper county. The railroad of plaintiff in error was constructed across the corner of a 40-acre tract of land owned by James A. Hammers, and the land appropriated by the company was a part of that used by him as a place to feed and shelter his stock. It appears to have been naturally adapted to that purpose, and the building and operation of the railroad necessarily detracts from its value. Special questions were sub-

9 — 51 KAS.

mitted to the jury, and the answers to these show that there was $\frac{54}{100}$ of an acre of land taken for a right-of-way, for which the jury allowed $25. By the general verdict, the total damages were appraised at $625. There is considerable confusion in the answers made to the special questions, but from them it appears that their allowance was based upon the land actually taken and the injury to the feed lot. In the eighth finding, in which they particularize and point out wherein the injury to the feed lot consists, they answer that they allow $600 for the reason that passing trains may frighten his stock. The plaintiff in error challenges the rightfulness of this allowance, and insists that the verdict is excessive. Damages for the frightening of stock by the operation of the railroad are speculative and consequential in character, and not a proper element in determining the compensation to which the owner was entitled. This question was long since settled by the decision in *Railway Co. v. Lyon*, 24 Kas. 745. In that case it was held that

"In assessing damages done to land by reason of the appropriation of a right-of-way through it for a railroad, the liability of teams being frightened, or that additional care by the landowner may be necessary in the future as to such teams, by reason of the proximity of the railroad, does not of itself constitute any basis for special compensation. Such damages are speculative, and not the proper subject of inquiry and damages."

The defendant in error argues that the testimony plainly shows that there was a depreciation in the value of the land not taken to the extent of the allowance by the jury. There was undoubtedly a substantial diminution of the value of the land not taken by the construction of the road, and if the findings showed that it was made up of proper elements, the verdict would doubtless have been allowed to stand. The difficulty, however, is that the jury have definitely stated the elements considered by it in reaching its conclusion, and in doing so have placed their award upon an element for which

damages cannot be allowed.   The error is plain, and requires a reversal and a new trial.   That will be the judgment of this court.

All the Justices concurring.