## Chicago, Indiana and Eastern Railway Company *v.* Mason.

[No. 3,329.   Filed Jan. 9, 1901.   Rehearing denied March 12, 1901.]

Railroads.—*Appropriation for Right of Way.—Measure of Damages.*
—The measure of damages to a landowner for land appropriated for a railroad right of way is the difference in the value of the real estate at the time of the appropriation and the value of the residue after the strip is taken under the appropriation proceedings.  The fact that horses being worked on the land through which the railroad would pass might become frightened by locomotives and cars, in the proper operation of the same, cannot be considered for the purpose of enhancing the landowner's damages.

Chicago, etc., R. Co. *v*. Mason.

From the Howard Superior Court. *Reversed.*

*A. E. Steele, J. A. Kersey, L. J. Kirkpatrick, J. F. Morrison* and *T. C. McReynolds,* for appellant.

*J. C. Blacklidge, C. C. Shirley* and *C. Wolf,* for appellee.

HENLEY, C. J.—This action was commenced by appellant by filing in the office of the clerk of the Grant Superior Court its instrument of appropriation for the purpose of acquiring the right of way for the construction of a railroad across the real estate described in said instrument. The judge of said court appointed appraisers, who made an award giving appellee $75. To this award appellee filed exceptions. The cause, upon motion of appellant, was venued to the Howard Superior Court, where it was submitted to a jury for trial. A verdict in the sum of $350 was returned in favor of appellee, and over appellant's motion for a new trial judgment was rendered against appellant for said amount.

The only question presented by the record arises under the motion for a new trial. The question is presented in two ways, (1) in the admission of certain evidence, and (2) in refusing to give to the jury instruction numbered thirteen tendered by appellant, which, in effect, was to inform the jury that the evidence objected to must not be considered in assessing appellee's damages. The evidence admitted over appellant's objection was the answer to the second of the following questions: "Q. State whether or not, if you know, the running of trains through a field in cultivation in any way interferes in the cultivation of the land other than you have already mentioned. A. Yes sir. Q. How? A. By frightening teams."

Instruction numbered thirteen, which the court refused to give to the jury, was as follows: "In an action of this kind it is not proper for the jury, in assessing damages, to take into consideration remote and fanciful injuries which rest wholly in conjecture and do not admit of an estimate

in damages. As heretofore stated, the injuries for which a landowner, in a case of any kind, is entitled to recover are such as naturally and reasonably result from the construction and operation of the road, and where such injuries are not occasioned through the negligence, unskilful, or wrongful conduct of the railroad company, so in this case, the court instructs you that it would not be proper for you in assessing defendant's damages, in case you find for her, to take into consideration the liability of horses used on her farm to take fright from passing trains, as the same would be remote and fanciful, and does not constitute a proper element of damages in this action."

The measure of damages in such a case as this is the difference in the value of the real estate at the time of the appropriation and the value of the residue after the strip is taken under the appropriation proceedings. The correctness of this rule is admitted by both parties to this action. The sole contention is as to whether, under the rule stated, the fact that horses being worked on the land through which the railroad would pass might become frightened by appellant's locomotives and trains of cars, in the proper operation of the same, can be considered by the jury for the purpose of enhancing appellee's damages by reason of the taking of the land.

We think such damages are remote, fanciful, conjectural, and speculative, and the evidence objected to was not proper in a case of this kind either as tending to prove an independent element of damage or a condition affecting the value of the land remaining after the appropriation. In awarding damages, the jury can only assess such damages as are the natural or reasonable incident of the improvement. Remote, conjectural, or speculative damages can not be taken into consideration. Nor can any damages be assessed that might result to the real estate from any negligent, unskilful, unlawful, or wrongful act of the railway company or its successors. Such damages as those last

mentioned may be the subject of another action by the land-owner or person affected thereby, but they can have no place in an action of this kind. *Rehman* v. *New Albany, etc., R. Co.,* 8 Ind. App. 200; *Chicago, etc., R. Co.* v. *Hunter,* 128 Ind. 213, and cases cited.

Elliott, in his work on railroads at section 991, says: "Remote and fanciful injuries, which rest wholly in conjecture, and do not admit of an estimate in damages, can not be proved as elements of damage for which compensation is to be made. Thus an interference with the quiet and privacy of the plaintiff's premises by the construction of a railroad overlooking them, or by bringing crowds of visitors into his neighborhood, is not an injury for which he can claim compensation. Neither is an injury to the plaintiff's business resulting from competition induced by the improvement, nor the liability of horses used on plaintiff's farm to take fright from passing trains, and the increased risk of orchards through which a railroad is built by reason of leaving them more free to access of thieves is so remote and speculative an element of damages as not to be entitled to consideration by the jury."

In *Atchison, etc., R. Co.* v. *Lyon,* 24 Kan. 745, the exact question before this court in the case at bar was decided. In the case cited, the supreme court of Kansas held: In assessing damages done to land by reason of the appropriation of a right of way through it for a railroad, the liability of teams being frightened, or that additional care by the landowner may be necessary in the future as to such teams, by reason of the proximity of the railroad, does not of itself constitute any basis for special compensation. Such damages are speculative, and not the proper subject of inquiry and damage.

In the case of *Florence, etc., R. Co.* v. *Pember,* 45 Kan. 625, 26 Pac. 1, which was also an appeal from a proceeding to condemn land for a right of way, the same ruling was made, and the judgment of the lower court reversed for

error in permitting the following question and answer to go to the jury, viz.: "Q. What other inconvenience arises from the cultivation of the land on the west side of the railroad? A. It is very inconvenient in regard to my teams; it frightens my teams to cultivate up close to the railroad."

For the errors in permitting the evidence complained of to go to the jury, and in refusing instruction numbered thirteen, the judgment of the lower court is reversed, with instruction to grant appellant's motion for a new trial.