THE CHICAGO AND MILWAUKEE ELECTRIC RAILROAD CO.

*v.*

MARGARET A. MAWMAN *et al.*

*Opinion filed December 16, 1903.*

1. EMINENT DOMAIN—*danger to person of owner is not an element of damage in condemnation.* Danger to the person of the owner of land from the construction and operation of petitioner's railroad is not a proper element for consideration of the jury, in condemnation, in fixing the amount of damages to land not actually taken.

2. EVIDENCE—*when admission of evidence is error.* It is error to allow a witness in a condemnation case to state that the sewer system of a certain town was low enough and large enough to take care of the sewage from the subdivision in which the land condemned was located, where there is no showing that he made any investigation or possessed knowledge qualifying him to speak.

APPEAL from the County Court of Lake county; the Hon. D. L. JONES, Judge, presiding.

CHARLES WHITNEY, and WILLIAM C. UPTON, for appellant.

J. K. ORVIS, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Rockland is a subdivision within the corporate limits of Lake Bluff, in Lake county. It consists, as platted, of eight blocks of ground with intervening streets, but the streets have never been opened or graded. This was a petition filed by appellant in the county court of that county to condemn a right of way across certain lots and parts of lots in this subdivision. The total area of such lots and parts of lots is $3\frac{61}{100}$ acres. The area of the right of way across those tracts is $1\frac{42}{100}$ acres. These tracts are the property of a number of persons who are related to each other, and who are referred to in the litigation as the Mawman family. On the trial the jury heard the evidence introduced in open court and viewed the premises, and by their verdict found the land taken for the

right of way to be of the value of $4894.01 and the damages to land not taken to be $1229.22. Judgment was entered on the verdict, and the railroad company appeals to this court, and complains of the admission of improper evidence, of the giving of one instruction requested by respondents, and that the verdict is contrary to the evidence. The basis of the complaint, so far as the verdict is concerned, is that the compensation allowed is excessive in amount.

The instruction in question is as follows:

"You are instructed that it is competent in this case to take into consideration the value of the land taken in the construction and use of the railroad, as well as damages on account of unfavorable division of the lands not taken by the construction and use of the railroad, thereby causing inconvenience and danger to the person and property of the defendant, if shown, in the use and occupancy of the balance of the land."

Appellant's position is, that the instruction should not have included danger to the persons of the respondents. The measure of respondents' compensation is the fair cash market value of the land proposed to be actually taken, having proper regard to the location and advantages as to situation and the purposes for which it was designed and used, and the amount, if any, which their lands not taken would be depreciated in their fair cash market value by the construction and operation of the proposed road. (*Chicago, Burlington and Northern Railroad Co.* v. *Bowman*, 122 Ill. 595; *Chicago, Milwaukee and St. Paul Railroad Co.* v. *Hall*, 90 id. 42; *Dupuis* v. *Chicago and North Wisconsin Railway Co.* 115 id. 97; *Wabash, St. Louis and Pacific Railway Co.* v. *McDougall*, 126 id. 111; *Illinois Central Railroad Co.* v. *Turner*, 194 id. 575.) Damages resulting from danger to the person of the owner of the land from the construction and operation of the road are too remote, uncertain and speculative to be considered by the jury in fixing the amount of the owner's compensation

for lands taken and for the depreciation in the value of lands which will be damaged but not actually taken by the construction and operation of the proposed road. *McReynolds* v. *Burlington and Ohio River Railway Co.* 106 Ill. 152; *Conness* v. *Indiana, Illinois and Iowa Railroad Co.* 193 id. 464.

Another instruction was given which correctly stated the measure of compensation, and it is urged by counsel for appellees that the defect in the foregoing instruction, if any, is thereby cured. This is not an instance where an element omitted from one instruction is supplied by another, so that the two, taken together, state the law correctly. Here one instruction states the correct measure and the other states an incorrect measure. The jury could not determine which they should apply.

Rockland subdivision is not touched by a sewer. There is a sewer system in the village of Lake Bluff. Edward Mawman, one of the respondents, was a witness, and without showing that he had made any investigation or possessed any knowledge which would qualify him to speak on the subject, he was permitted, over the objection of appellant, to testify, in substance, that the sewer system of Lake Bluff was low enough and large enough so that sewage from Rockland subdivision could be drained into it and carried away by it. This was error; whether of so grave a character as to require a reversal we do not determine, but point it out that it may be avoided on another trial of the cause.

As the case must be reversed we do not deem it advisable to discuss the amount of the verdict, except to say that it leads us to conclude that the jury may have been misled by the erroneous instruction.

For the error in giving the instruction above set out the judgment of the county court is reversed and the cause remanded to that court for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*