INDIANAPOLIS & CINCINNATI TRACTION COMPANY *v.* LARRABEE ET AL.

[No. 20,836.    Filed March 1, 1907.]

1. DAMAGES. — *Increased Danger to Stock and Occupants of Farm.* — *Eminent Domain.* — *Interurban Railroads.* — The increased danger to stock and to the occupants of a farm, is not an element of damage to be considered in the appropriation of a right of way for an interurban railroad company, such damage being remote and speculative.    p. 239.

2. SAME.—*Elements.*—*Eminent Domain.*—*Interurban Railroads.* —In estimating the damages to a landowner for an interurban railroad right of way, only the damages naturally arising from

Indianapolis, etc., Traction Co. *v.* Larrabee—168 Ind. 237.

the proper construction and use of such railroad can be considered, the negligent construction and improper use thereof giving an independent right of action to the injured party. p. 242.

3. DAMAGES. — *Elements.* — *Railroads.* — *Eminent Domain.*—The cutting of the fields into inconvenient shapes, the resulting inconvenience as to water for the stock, the inconvenience of passage to and from the portions of the farm and danger from fire caused by a proper use of the road, are elements of damage in a railroad right of way condemnation proceeding. p. 242.

4. SAME.—*Elements.*—*Railroads.*—*Eminent Domain.*—The value of the right of way together with the incidental damages naturally arising from the proper construction and use of the railroad, but not the danger to the occupant nor his stock on the farm, are elements of damage in a proceeding to condemn a railroad right of way. p. 243.

5. SAME. — *Stock.*—*Fences.*—*Statutes.*—*Interurban Railroads.*— *Eminent Domain.*—Since §5479d Burns 1905, Acts 1903, p. 426, §1, compels interurban railroad companies to build fences along their rights of way "sufficient and suitable to turn and prevent" stock from going upon their tracks, and a violation thereof gives to the injured party an independent cause of action, the danger to stock by reason of the construction of such a road cannot be considered an element of damage in a right of way proceeding. p. 244.

6. APPEAL. — *Instructions.* — *Prejudicial.*—Where an instruction was given which might have prejudiced appellant's case before the jury, the judgment will be reversed on appeal. p. 244.

From Hamilton Circuit Court; *Ira W. Christian,* Judge.

Condemnation proceeding by the Indianapolis & Cincinnati Traction Company against Thomas W. Larrabee and wife. From a judgment for defendants, plaintiff appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*William S. Christian, George D. Forkner, N. B. Brandenburg* and *Marsh & Cook,* for appellant.

*Mason & Jackson* and *Wymond J. Beckett,* for appellees.

JORDAN, J.—Appellant is a corporation organized under the laws of Indiana governing the incorporation of street and interurban street railroad companies. These

proceedings were instituted by appellant against appellees, Thomas W. and Anna Larrabee, his wife, in the Hancock Circuit Court, by filing an instrument of appropriation, seeking thereby to condemn or appropriate, for a right of way for its electric railroad, certain land in said county belonging to appellee Thomas W. Larrabee. The strip of land appropriated embraced four acres and a fraction. Appraisers were appointed by the court, who subsequently filed their award of damages in the sum of $800, to which appellant excepted. The cause was venued to the Shelby Circuit Court, and from thence the venue was changed to the Hamilton Circuit Court, wherein, on the issues joined by the parties, there was a trial by jury and a verdict returned in favor of appellees, assessing damages at $800. A motion by appellant for a new trial was overruled, and judgment was rendered on the verdict. The errors relied upon for reversal arise out of the ruling of the court in denying the motion for a new trial.

The questions discussed by the parties to this appeal relate to the amount of compensation which appellee is entitled to recover for the land appropriated by

1. appellant, to the damages sustained by reason of any injury or depreciation in the value of the remainder of the tract of land not taken by appellant by reason of the location and construction of the railway, to questions arising out of the admission and rejection of evidence upon the trial, and to the instructions given by the court. The court, at the request of appellant, gave seven instructions to the jury. Six instructions were given on the request of appellee, number five of which is as follows:

"In assessing the damages that may be awarded to said Thomas W. Larrabee, in case you find for him, you may take into consideration the shape and size of the parcel or parcels of land which remain; the difficulty of access and of communication between the different parts, if any, caused by such appropriation;

any permanent interference with the drainage of the land or with the flow of surface-water, or with the water supply; *the danger, if any, to which the occupants of the farm and the stock thereon will be exposed;* any permanent interference with or loss of stock water on said farm; any permanent inconvenience, difficulty, or danger that may be caused to said Larrabee, by reason of said appropriation, and the construction, maintenance, and operation of said electric traction road, in the cultivation, use, and enjoyment of said farm of said Larrabee by him, and also all other injuries of a permanent character, as shown by the evidence, if any, to the lands of said Larrabee, by said appropriation, in so far as the same, or any of the foregoing items, affect the market value of said farm." (Our italics.)

Appellant's counsel especially object to and criticise as erroneous all that part of the above instruction embraced in italics, which authorizes the jury in assessing damages to take into consideration the danger to which the occupants of the farm and stock thereon will be exposed. The argument is advanced that damages resulting from any danger or peril to which the person of the owner or occupant of the lands remaining unappropriated, or to any stock thereon, may be exposed, by reason of the construction or operation of the road in question, are too remote and speculative to be considered by the jury in fixing the compensation for the depreciation in value of the lands not actually appropriated, but which may be damaged by the construction or operation of the road. In this view of the law we concur.

The case of the *Chicago, etc., R. Co.* v. *Mawman* (1903), 206 Ill. 182, 69 N. E. 66, was a proceeding on the part of an electric railroad company to condemn a right of way for its road across certain lots or parcels of land. The trial court in that case, in instructing the jury in regard to the assessment of damages, among others, gave the following: "It is competent in this case to take into considera-

tion the value of the land taken in the construction and use of the railroad, as well as damages on account of unfavorable division of the lands not taken by the construction and use of the railroad, *thereby causing inconvenience and danger to the person and property of the defendant, if shown, in the use and occupancy of the balance of the land.*" (Our italics.) Appellant's insistence in that appeal was that this instruction should not have included danger to the person of the defendant. The supreme court of Illinois, in considering the instruction, said: "The measure of respondents' compensation is the fair cash market value of the land proposed to be actually taken, having proper regard to the location and advantages as to situation and the purposes for which it was designed and used, and the amount, if any, which their lands not taken would be depreciated in their fair cash market value by the construction and operation of the proposed road. *Chicago, etc., R. Co.* v. *Bowman* [1887], 122 Ill. 595, 13 N. E. 814; *Chicago, etc., R. Co.* v. *Hall* [1878], 90 Ill. 42; *Dupuis* v. *Chicago, etc., R. Co.* [1885], 115 Ill. 97, 3 N. E. 720; *Wabash, etc., R. Co.* v. *McDougall* [1888], 126 Ill. 111, 8 N. E. 678, 1 L. R. A. 207, 9 Am. St. 539; *Illinois Cent. R. Co.* v. *Turner* [1902], 194 Ill. 575, 62 N. E. 798. Damages resulting from danger to the person of the owner of the land from the construction and operation of the road are too remote, uncertain and speculative to be considered by the jury in fixing the amount of the owner's compensation for lands taken and for the depreciation in the value of the lands which will be damaged but not actually taken by the construction and operation of the proposed road. *McReynolds* v. *Burlington, etc., R. Co.* [1883], 106 Ill. 152; *Conness* v. *Indiana, etc., R. Co.* [1901], 193 Ill. 464, 62 N. E. 221." For error in giving this instruction the judgment of the lower court was reversed.

In *Chicago, etc., R. Co.* v. *Hunter* (1891), 128 Ind. 213, this court, in considering what damages were natural or reasonable incidents to the appropriation of lands by a railroad company for a right of way, said: "It may well be said as an abstract proposition, that the damages proper to be awarded in such cases are only such as will result from a proper construction of the road. The presumption is, that the road will be constructed in a proper manner. For injuries resulting from the negligent construction, or from any wilful misconduct in its construction, an action will lie, notwithstanding the property has been regularly condemned and compensation awarded. [Citing authorities.] The rule in condemnation proceedings is that all damages, present or prospective, that are the natural or reasonable incident of the improvement to be made, or work to be constructed, not including such as may arise from negligence, or unskillfulness, or from the wrongful act of those engaged in the work, must be assessed. Damages are assessed once for all and the measure should be the entire loss sustained by the owner, including in one assessment all injuries resulting from the appropriation. [Citing authorities.]" See, also, *New Jersey, etc., R. Co.* v. *Tutt* (1907), *ante,* 205.

Of course the manner in which the remaining lands are divided by the right of way appropriated, in respect to the size and shape of the fields or parcels, the condition in which the lands are left as to access to water for stock purposes, the means of passage from one part of the premises to another, and, in the case of steam roads, the possible danger from fire emitted from locomotives when properly equipped and operated to prevent the escape of fire, etc., and other matters which might be enumerated, are legitimate items of damages to be considered relative to the depreciation of the market value of the residue of the lands out of which the right of way is carved. It is true that possibly some of these items,

in their nature, are not susceptible of definite ascertainment; but, as the authorities affirm, if the jury, under the evidence, find that such facts exist, they may consider whether or not they cause a depreciation in the market value of the remaining lands. *Chicago, etc., R. Co.* v. *Hunter, supra; Whitewater Valley R. Co.* v. *McClure* (1868), 29 Ind. 536; *Grand Rapids, etc., R. Co.* v. *Horn* (1873), 41 Ind. 479; *Ohio Valley R., etc., Co.* v. *Kerth* (1892), 130 Ind. 314; *Chicago, etc., R. Co.* v. *Winslow* (1901), 27 Ind. App. 316; *New Jersey, etc., R. Co.* v. *Tutt, supra; Indiana Nat. Gas, etc., Co.* v. *Jones* (1895), 14 Ind. App. 55; *Chicago, etc., R. Co.* v. *Greiney* (1890), 137 Ill. 628, 25 N. E. 798; *Conness* v. *Indiana, etc., R. Co., supra; Kansas City, etc., R. Co.* v. *Kregelo* (1884), 32 Kan. 608, 5 Pac. 15.

The amount of damages awarded in a condemnation proceeding by a railroad company for a right of way

4.  ought to be sufficient to embrace or cover the actual value of the lands appropriated, together with all damages occasioned by reason of the construction of the road over the right of way as appropriated, and for all physical injuries to the remaining lands and all inconveniences of every character actually caused or resulting to the remaining lands from the road's construction, but certainly imaginary or speculative damages, or such as the occurring of which is very remote, should not be taken into consideration by the jury making the assessment. To this class belong damages resulting from danger or peril to which the owner or occupants of the remaining lands, or to stock kept thereon, will be exposed or subjected. *Chicago, etc., R. Co.* v. *Palmer* (1890), 44 Kan. 110, 24 Pac. 342; *Kansas City, etc., R. Co.* v. *Kregelo, supra; Chicago, etc., R. Co.* v. *Mason* (1901), 26 Ind. App. 395, and authorities cited; 3 Elliott, Railroads, §991.

In regard to the danger to stock kept on the premises, it may be said that, in view of the statute of 1903 (Acts

1903, p. 426, §1, §5479d Burns 1905), imposing upon interurban railroads, traction lines, etc., the duty of constructing and maintaining fences on both sides of their right of way "sufficient and suitable to turn and prevent cattle, horses, mules, sheep, hogs or other stock from getting on such road, except at crossings of public roads and highways," etc., such danger or peril will be nothing more than speculative or imaginary, and should not be considered by the jury in determining the diminution of the market value of the remainder of the lands unappropriated.

By the instructions given at the request of appellant the court very fully advised the jury in regard to appellee's theory of the case and the law relative thereto. Appellant's counsel criticise as erroneous other instructions given. While some of these charges are not as definite and clear as they might be, nevertheless we perceive no error therein prejudicial to the rights of appellant. Questions relative to rulings of the court in admitting and excluding certain evidence are argued by appellant's counsel, but under the condition of the record these, in the main, are not properly presented for review, hence we pass them without consideration. As the judgment must be reversed and a new trial ordered on account of the error pointed out in giving instruction five, we do not deem it proper to review the evidence or consider the question as to whether the damages awarded by the jury are excessive. We conclude, however, that the jury may have been misled to the prejudice of appellant in the assessment of damages, by reason of the erroneous instruction in controversy, for which error the judgment is reversed, and the cause remanded, with instructions to the lower court to grant appellant a new trial.