McCabe, J.
The appellee sued the appellants, the treasurer and auditor of Henry county, to enjoin the collection of a certain additional assessment made by the auditor and placed upon the duplicate upon certain alleged omitted property from appellee’s assessment schedule. The issues formed were tried by the court, resulting in a general finding for the plaintiff, *463 upon which he took judgment perpetually enjoining the collection of said taxes. The court overruled appellants’ motion for a new trial, having previously overruled appellants’ separate demurrers to the complaint. These rulings are called in question by the assignment of errors. Appellee insists that the motion for a new trial cannot be consideredfor the reason that the evidence is not in the record. The ground of this contention is founded on the claim by appellee, that it nowhere appears in the record that the longhand manuscript of the evidence was filed in the clerk’s office before it was incorporated in the bill of exceptions. Appellee refers to a file mark on such manuscript indicating its filing in the clerk’s office on June 1, 1895, the same day on which the bill of exception was tendered to the trial judge, without showing whether such manuscript was incorporated therein before such bill was tendered to the judge or not. It is therefore argued that it does not appear that such manu script was filed in the clerk’s office before its incorporation in the bill of exceptions, and hence the evidence, it is claimed, is not in the record. But the clerk, in his certificate to the transcript, states that said longhand manuscript was filed in his office by the appellants before it was incorporated in the bill of exceptions. That is sufficient. Chicago, etc., R. R. Co. v. Wolcott, 141 Ind. 267, 50 Am. St. 320; State v. Hunt, 137 Ind. 537; Miller v. Rapp, 135 Ind. 614.
Appellants point out no valid objection to the complaint, nor do we see any. - We are of opinion that the trial court did not err in holding it sufficient and in overruling appellants’ several demurrers thereto. The only controversy about the evidence is as to whether the court erred in upholding appellee’s act in listing his property for taxation, by which he deducted his tona fide indebtedness from certain promissory notes *464 ■which, he had received by inheritance from his father’s estate. The evidence shows that he stated to the assessor the matter of his ownership of the notes and the amounts thereof correctly, and the amount of his Iona ;fide indebtedness, which more than equaled the notes. That the assessor thereupon told him 'that it was his practice in such cases not to put the notes on the schedule, and for that reason they were left out of the list or schedule of his property. That such notes were credits within the méaning of sections 6332, 6333 and 6336, R.S. 1881, in force at the time from which lona fide indebtedness might be deducted so as to reduce the amount for taxation, was settled in favor of the finding of the trial court in Wasson, Treas., v. First Nat’l Bank, 107 Ind. 206, 212. The fact that appellee left such credits off the schedule in violation of section 6332, supra, in compliance with the practice and direction of the assessor, to whom appellee presented both the indebtedness and credits, ought not to deprive him of the benefit of the deduction. The circuit court did not err in so holding. Therefore, there was no error in overruling appellant’s motion for a new trial.
Judgment affirmed.