## ZEIGLER v. BOARD OF COMMISSIONERS OF BLACKFORD COUNTY.

[No. 5,065. Filed June 24, 1904.]

TAXATION.— *Recovery of Taxes Wrongfully Assessed.*— Where an assessor wrongfully assessed improvements on real estate in excess of their value, the taxes paid under such assessment, in excess of the proper amount, may be recovered, under §§7915, 7916 Burns 1901.

From Blackford Circuit Court; *E. C. Vaughn*, Judge.

Action by Henry C. Zeigler against the Board of Commissioners of Blackford County. From a judgment for defendant on demurrer to complaint, plaintiff appeals. *Reversed.*

*C. W. Kinnan, S. W. Cantwell* and *L. B. Simmons*, for appellant.

*A. G. Emshwiller*, for appellee.

ROBINSON, J.—Transferred from the Supreme Court under §1337m Burns 1901.

Suit to recover taxes averred to have been wrongfully assessed and paid by appellant. The only error assigned is sustaining a demurrer to appellant's complaint.

The complaint avers that on and prior to April 1, 1896, appellant owned certain described lots, and on the above date he placed additional improvements thereon of the value of and costing him $1,000; that prior to making such improvement the lots were assessed for taxation for the year 1895 at the sum of $650, and the improvements thereon at $1,020; that in April or May, 1896, the township assessor, for the purpose of assessing such additional improvements for the year 1896, asked appellant the cost

of the same, who informed the assessor that they had cost
$1,000, which sum was in fact the cost and value thereof;
that the assessor thereupon informed appellant that he
would assess the additional improvements for taxation at
or about one-half their cost; that appellant consented
thereto, and believed the assessor had assessed the addi-
tional improvements at or about $500, as he had informed
and led appellant to believe that he would assess the same;
that relying upon the assessor's statement, appellant gave
the matter no further attention, but had he known, or had
reason to believe, the assessor would not or had not assessed
the same as he agreed and promised, or at any excessive
sum, he would have appeared before the board of review
at its next session thereafter, and demanded that the same
be reduced; that the assessor wrongfully, erroneously, and
unlawfully assessed such additional improvements for the
year 1896 at a sum far in excess of their cost and value,
to wit, $4,000, which sum was again placed on the dupli-
cate for 1897; that at the time the assessor made the
assessment he knew the same was wrongful and far in ex-
cess of their cost or value, and that such improvements
were not of a value in excess of $1,000, and that the
assessor failed to notify appellant in any manner after such
assessment was made of the value placed thereon.    Facts
are averred showing the rate of taxation for the years 1896
and 1897, the total amount of taxes appellant was com-
pelled to pay, and the amount of county tax levied and col-
lected on such additional improvements; that in July,
1898, appellant first learned of this wrongful assessment
of such improvements at $4,000, and on the 6th day of
July, 1898, he appeared before the board of review, which
board then reduced the assessment of the improvements
from $4,000 to $650.    He asks for the recovery of the ex-
cessive county taxes, and that the board certify to the
Auditor of State the excessive amount of state taxes.

The only question presented is whether the taxes sought

to be recovered were wrongfully assessed, within the meaning of the statute providing for the recovery of taxes which have been wrongfully assessed and paid.

Section 7915 Burns 1901 provides that "in all cases where any person    *    *    *    shall appear before the board of commissioners of any county    *    *    *    and establish, by proper proof, that such person    *    *    *    has paid any amount of taxes which were wrongfully assessed against such person" the board shall order refunded the amount of county taxes so assessed and paid. It is also provided by §7916 Burns 1901 for the recovery of such taxes so assessed and paid for state purposes. It has been held a number of times that to bring a case within this statute, it is not enough to show that the taxes were irregularly assessed, but that it must be made to appear that they were not legally or equitably owing. *Board, etc.,* v. *Graham,* 98 Ind. 279; *Durham* v. *Board, etc.,* 95 Ind. 182; *Board, etc.,* v. *Armstrong,* 91 Ind. 528.

No question is made as to the assessment of appellant's land and improvements as they stood at the beginning of the year 1896. Complaint is made only of the assessment of the improvements in the spring of 1896. The complaint shows that appellant informed the assessor what the improvements had cost, and it also states the cost and value of the improvements. The complaint does not rely upon any agreement between the owner and assessor. The statute gives the owner no voice in fixing the value of improvements. These are to be assessed annually by the assessor, and return made to the auditor, as in the year in which real estate is to be assessed. Although the statute (§8522 Burns 1901) says nothing about leaving with the owner a memorandum of such assessment, as in the case of real estate (§8521 Burns 1901), yet it would seem that the officer should give notice of such assessment as in the assessment of real estate. Such improvements form no part of any statement or schedule which the property owner

is required to make out. The statute does not contemplate that the property owner shall watch the meetings of the board of review to see if he has been wrongfully assessed with improvements. It was the duty of the assessor to fix the value of the improvements as the statute directs, and not as he and the owner might agree. The facts averred show that the assessor knew that the improvements were worth at least $3,000 less than the value placed upon them in the return to the auditor. He had authority to assess the improvements at their true cash value, and had no authority to assess them at a sum in excess of that value. As to the excess, the assessment was void because no one had authority to make such an assessment. It was perhaps a clerical mistake. But in whatsoever manner the excessive amount came to be upon the tax books, we fail to see how it can be said that the assessment to that extent was not wrongful. Taxes are required to be uniform, and a property owner is required to bear only his proper part of the burden. The State and county are entitled to revenues upon such value only as the statute defines. Had this excess complained of not been placed on appellant's property, the State and county would not have been deprived of any revenues to which they were entitled. We think the facts averred show the assessment to have been wrongful within the construction given this section of the statute. See *Board, etc.,* v. *Armstrong, supra; City of Indianapolis* v. *Vajen,* 111 Ind. 240; *Moore* v. *Hewitt,* 147 Ind. 464; *Newsom* v. *Board, etc.,* 92 Ind. 229.

Judgment reversed, with instructions to overrule the demurrer to the complaint.