## TOLEDO & CHICAGO INTERURBAN RAILWAY COMPANY v. WAGNER ET AL., EXECUTORS.

[No. 21,167. Filed November 20, 1908.]

1. DAMAGES.—*Eminent Domain.—Interurban Railroads.—Rights of Way.*—The damages recoverable in condemnation cases are (1) the value of the land actually appropriated and the improvements thereon, and (2) all ascertainable and estimable damages to the residue of the land, resulting from such appropriation. p. 187.

2. TRIAL. — *Instructions. — Damages.—Eminent Domain.—Interurban Railroads.*—An instruction in an interurban railroad condemnation case, that "the law does not permit the taking of property by a railroad corporation, * * * without compensating the owner for the full value of the property taken, and the full amount of the damage, if any, that results from the taking of such property," and that the jury might award "such an amount as will fully compensate him for the value of the property taken, and the damages, if any, resulting therefrom," leaving the defendant "in as good and favorable a situation as he was in before the appropriation," does not authorize double damages, and, though not commendable, does not constitute reversible error. p. 188.

3. TRIAL.—*Instructions.— Damages.— Eminent Domain.— Interurban Railroads.*—An instruction in an interurban railroad condemnation case, that in estimating the damages the jury "should consider the amount, if any, which the tract of land of which the property taken is a part was reduced in value by the appropriation and use of the lands by the plaintiff; that is, [the jury] may consider not only the value of the part taken, but also the extent to which the value of the balance of said tract was reduced, if any, * * * and the inconveniences and annoyances, if any, resulting therefrom," is erroneous and misleading, the depreciation of the remaining land legally including such "inconveniences" and "annoyances."   p. 188.

4. DAMAGES.—*"Annoyances."—Eminent Domain.—Interurban Railroads.*—In an interurban railroad condemnation case damages cannot be awarded for "annoyances."   p. 189.

From Noble Circuit Court; *Joseph W. Adair,* Judge.

Condemnation proceeding by the Toledo & Chicago Interurban Railway Company against Walter C. Wagner and another, as executors of the will of J. William Wagner, deceased. From a judgment for defendants, plaintiff appeals. *Reversed.*

*Taylor, Woods & Willson, F. L. Welsheimer* and *L. W. Welker,* for appellant.

*John W. Baxter, Luke H. Wrigley* and *R. W. McBride,* for appellees.

HADLEY, J.—In a condemnation proceeding, instituted by appellant against appellees, the court instructed the jury, concerning appellees' damages, that:

"(1) The law does not permit the taking of property by a railroad corporation, for right of way purposes, without compensating the owner for the full value of the property taken, and the full amount of the damage, if any, that results from the taking of such property. In fixing the amount the defendant shall recover in this action, you may award him such an amount as will fully compensate him for the value of the property taken, and the damages, if any, resulting therefrom, and that will leave him, so far as values are concerned, in as good and favorable a situation as he was in before the appropriation. (2) In determining the amount of damages,

if any, that shall be awarded to the defendant, you should consider the amount, if any, which the tract of land of which the property taken is a part was reduced in value by the appropriation and use of the lands by the plaintiff; that is, you may consider not only the value of the part taken, but also the extent to which the value of the balance of said tract was reduced, if any, by the taking, as shown by the evidence, and the inconveniences and annoyances, if any, resulting therefrom.''

Appellant insists that these instructions authorize a return of double compensation to appellees, so far as they relate to the damages that may be awarded for the injurious effects the appropriation may have had upon that portion of appellees' property not actually taken and occupied.

The damages recoverable in condemnation cases are: (1) The value of the land actually taken, and the improvements thereon, and (2) all damages to the residue of the property, resulting from the taking out of the land the tract appropriated. §934 Burns 1908, Acts 1905, p. 62, §6. As elements of damage thus resulting to the residue, it has been many times decided by this court, in railroad cases, that all injuries to the freehold, arising from a skilful construction and operation of the railroad, that have an actual foundation, and are capable of being ascertained and reasonably estimated, are recoverable—such, for instance (when such things occur), as separating the farm into parts; the destruction or diversion of springs; the imposed necessity of driving animals to and from water and pasture; the destruction of surface-water drains; the increased distances of travel from one part of the farm to another in transacting the farm business, and other matters of like import. *New Jersey, etc., R. Co.* v. *Tutt* (1907), 168 Ind. 205; *Indianapolis, etc., Traction Co.* v. *Larrabee* (1907), 168 Ind. 237, and cases collated at page 243, 10 L. R. A. (N. S.) 1003.

The language of the first instruction complained of is not to be commended for its precision or clearness, but the latter

part is in such words as make it plain to the jury that appellees should not recover more than they lost by the appropriation, and we think the instruction, as a whole, could not have been misapprehended by the jury.

As to the second instruction, however, after careful consideration we have been forced to the conclusion that it states an erroneous proposition of law, or makes an inadvertent statement that was naturally misleading to the jury. It is first stated that, in determining the amount of the defendants' damages, the jury should consider how much the residue of the land was reduced in value, if any, by the appropriation and use of the land by the plaintiff; that the jury might consider not only the value of the part appropriated, but also the extent to which the value of the balance of the tract was reduced, if any, by the taking of the other part, by the plaintiff, and the inconveniences and annoyances, if any, resulting therefrom. It is twice stated in the same instruction that the jury may add to the value of the land actually taken, whatever the remaining portion was reduced in value by the appropriation and use of the land by the railroad company, and, in addition to this, it is said that the jury should consider the inconveniences and annoyances, if any, resulting therefrom. In considering the decrease in value of the residue, the jury would necessarily have to take into account all the inconveniences and other prejudicial facts that were produced by the appropriation, and that went to the depreciation of the value of the remaining land, and when the jury had added the full sum of the diminished value to the full value of the parcel taken, it had then arrived at the amount for which the verdict should have been returned. The jury had no right to go further and consider "inconveniences and annoyances" as entitling the defendants to additional damages.

Besides, the term "annoyances"—although we think it was here used in a kindred sense with "inconveniences"—is

an injudicious expression, as it ordinarily relates to a
4. class of injuries for which no damage can be recovered, for the reason that the amount is so uncertain, speculative and indefinite that courts will not undertake to estimate it. We have held that danger, arising from the proper operation of a railroad, to the "occupants of the farm and stock thereon," is not a proper element of damage, because too remote and speculative to admit of admeasurement. *Indianapolis, etc., Traction Co.* v. *Larrabee* (1907), 168 Ind. 237. So with annoyances, when they relate to mental conditions created by the operation of a railroad, the damage rests so completely on mere surmise and conjecture as to forbid consideration by the courts. In this case, the appraisers appointed by the court assessed appellees' damage at $150, and the jury awarded them $800. We are unable to say that instruction number two did not contribute to the result, and we think appellant should have a retrial.

Judgment reversed, and cause remanded, with instructions to grant appellant a new trial.