## INDIANAPOLIS AND WESTERN RAILWAY COMPANY
### v. HILL ET AL.

[No. 21,160.    Filed December 10, 1908.    Rehearing denied June 3, 1909.]

1. APPEAL.—*Briefs.*—*Bills of Exceptions.*—*Presentation to Judge.* —*Filing.*—Appellant's brief is not required to set out the complaint, where no question is made thereon; and a bill of exceptions presented to the judge within the time allowed, but signed and filed later, is in the record.    p. 404.

2. APPEAL.—*Bills of Exceptions.*—*Presentation to Judge.*—*How Shown.*—The date of the presentation of a bill of exceptions can be shown by a statement in the bill itself, but not by a statement on the margin of such bill.    p. 404.

3. TRIAL. — *Instructions.* — *Damages.* — *Interurban Railroads.* — *Rights of Way.*—*Condemnation.*—An instruction, in an interurban railroad right of way condemnation case, that the landowner is entitled to damages for "the increased danger, if any, that may be incurred, and any other facts or things, if shown by the evidence, that may be either annoying or hurtful," is erroneous, such damages being speculative.    p. 405.

4. APPEAL.—*Right Result.*—*Unliquidated Damages.*—The Supreme Court cannot determine that the right result was reached in a damage case, where an erroneous instruction was given, and where the evidence was in conflict.    p. 408.

From Hendricks Circuit Court; *Thomas J. Cofer*, Special Judge.

Condemnation proceedings by the Indianapolis and Western Railway Company against Charles B. Hill and another. From a judgment for defendants, plaintiff appeals. *Reversed.*

*Otis E. Gulley, W. H. Latta* and *L. H. Oberreich*, for appellant.

*Brill & Harvey* and *Samuel Ashby*, for appellees.

JORDAN, C. J.—Appellant, an incorporated interurban railway company, filed, on July 23, 1906, its complaint in the office of the clerk of the Hendricks Circuit Court, thereby seeking to condemn and appropriate certain real estate sit-

uated in Hendricks county, Indiana, for the use of the right
of way of its railroad. Numerous landowners, whose lands
were affected, were made parties defendant. Among these
were Charles B. Hill and Emma Alice Hill, his wife, appel-
lees in this appeal. The condemnation proceedings were in-
stituted under the eminent domain act of 1905, and amend-
ments thereto (Acts 1905, p. 59, and Acts 1907, p. 306, §929
*et seq.* Burns 1908). Such action was had in court as re-
sulted in the entering of an interlocutory order appointing
appraisers to assess damages to the several property owners
for the lands sought to be taken. On August 17, 1906, the
appraisers made their award and report and filed the same in
the office of the clerk of the Hendricks Circuit Court. They
awarded damages to Charles B. Hill for his real estate ap-
propriated, to the amount stated in their report. On August
21, 1907, said Hill, under section eight of the statute in ques-
tion (§936 Burns 1908), filed in the office of the clerk of the
Hendricks Circuit Court his written exceptions to the award
of damages made to him. On August 27 said company also
filed its written exceptions to the damages awarded by the
appraisers to certain landowners other than Hill. On Jan-
uary 31, 1907, the issues, as raised and tendered upon the
written exceptions filed and presented by Charles B. Hill
were, by the agreement of the parties herein, submitted to a
jury for trial. The trial of the cause appears to have been
continued from day to day until the introduction of evidence
by each of the parties was completed. Thereupon the jury
was instructed by the court and subsequently returned the
following verdict: "We, the jury, find for the defendant
Charles B. Hill, and assess his damages at $1,125. Simon
Hadley, Foreman."

The railway company moved for a new trial, assigning the
grounds prescribed by the code, among which was excessive
damages, also error of the court in giving and in refusing to
give certain instructions, and in rulings upon motions rela-
tive to certain evidence, etc. This motion was denied, and

ninety days were granted for filing bills. of exceptions. Judgment was rendered in favor of Charles B. Hill upon the verdict. From this judgment the railway company appeals, and assigns that the court erred in overruling its motion for a new trial. Counsel for appellees insist that appellant has failed to comply with the rules of this court: (1)

1. In not setting out in its brief the original complaint filed for the condemnation of the property and the appointment of appraisers; (2) in not setting out in its entirety instruction three. They further insist that the bill of exceptions embracing the evidence was not properly made a part of the record. The first objection is without merit. No error in this appeal is predicated upon the original complaint filed for the appropriation of the land. Therefore, this complaint is not such a part of the record as is necessary to present any of the errors upon which appellees rely, consequently, under the rules of this court, it is not required to be set out in appellant's brief. In appellant's brief we find that instruction three is fully set out therein. Therefore there is no foundation whatever for appellee's second contention. Equally unsupported is the third insistence. It is true that the record discloses that the bill of exceptions containing the evidence was filed after the time granted by the court had expired, but it is shown by a statement of the trial judge in the bill itself that it was presented to him on June 6, 1907, which was within the time allowed by the court, and was taken under advisement by him, and, as is disclosed, was subsequently approved, signed and filed by him. The delay of the trial judge in signing and filing the bill would not deprive appellant of the benefit thereof in this appeal. §660 Burns 1908, §629 R. S. 1881.

In addition to the statement in the bill of exceptions in respect to the time of its presentation to the judge, the same statement appears on the margin of the bill over the

2. signature of the trial judge. It is this latter statement apparently which appellees' counsel claim does

not comply with the statute. We concur in their contention. Under the repeated decision of this court, a statement on the margin of a bill of exceptions, disclosing the time of its presentation, is not within the requirements of the statute. *Ayres* v. *Armstrong* (1895), 142 Ind. 263. It is the statement in the bill itself to which we give consideration, and not to that which appears upon the margin thereof. The bill of exceptions is properly in the record. Some other minor criticisms are interposed in respect to the record, and also the failure of appellant to observe the rules of this court. These, however, are not sustained.

The court on its own motion gave to the jury a series of instructions relative to the assessment of damages arising out of the appropriation of lands in controversy. This was the only issue in the case. Among these was the following charge, numbered three: ''If you find for the defendants, it will then be your duty to determine and assess them damages. In the event you find for the defendants, then the measure of their damages is the difference between the market value of the defendant's land, described in the complaint, before the appropriation of the particular part thereof sought to be taken and the location and construction of the interurban railroad thereon in the manner proposed by the plaintiff and the market value thereof after the appropriation and the location and construction of the railroad thereon in the manner proposed by the plaintiff, as shown by the evidence, if so shown, not considering any benefits to said land on account of the construction of said road. In determining this difference of value, if there be any difference, you may take into consideration the value of the land actually appropriated and the decrease in the value of the residue of the land. In determining this decrease in value, if any, of the residue, you may take into consideration, as shown by the evidence, if so shown, all present and prospective decrease in the value of the residue of defendants' said real estate that will naturally and reason-

ably be caused by the location, construction and operation of the railroad in the manner proposed by the plaintiff, and, in determining such decrease in value, if any, you may take into consideration, as shown by the evidence, if so shown, how and in what manner, if at all, defendants' said lands will be divided and cut up by the use of the land appropriated in the manner proposed; how passage from one part of said land to the public highway will be interrupted, if at all, by such use of said part of said land; *the increased danger, if any, that may be incurred, and any other facts or things, if shown by the evidence, that may either be annoying or hurtful to the defendants,* and which will necessarily be caused by the permanent location and operation of a railroad over the particular land appropriated." (Our italics.)

Appellant's counsel criticise as erroneous that part of the instruction embraced in italics. They argue that any danger which might be incurred from the location and operation of appellant's railroad over the land in controversy is too remote and speculative to afford a basis for a proper assessment of damages. They further insist that the court also erred in advising the jury by this instruction that in assessing the damages it might take into consideration "any other facts or things, * * * that may be either annoying or hurtful to the defendants." That portion of the charge included in italics is manifestly wrong. Thereby the jury was given the liberty to take into consideration a class of damages of the nature of imaginary or speculative damages, or such as the occurrence of which would be quite remote. It is well settled that this class of damages cannot be taken into consideration in the assessment of damages in condemnation proceedings. *Indianapolis, etc., Traction Co.* v. *Larrabee* (1907), 168 Ind. 237, 10 L. R. A. (N. S.) 1003, and cases cited; *Toledo, etc., R. Co.* v. *Wagner* (1908), 171 Ind. 185; 2 Elliott, Railroads (2d ed.), §993.

In *Indianapolis, etc., Traction Co.* v. *Larrabee, supra,* an

instruction of like import as the one in controversy was condemned. In *Toledo, etc., R. Co.* v. *Wagner, supra,* which was a condemnation proceeding, a charge of the court advised the jury in a general manner that, in determining the amount of damages to be assessed for land taken for a right of way, it might consider the inconveniences and annoyances, if any, resulting from the appropriation of the real estate. This charge was held to be erroneous, and the judgment was reversed. The court, in passing upon the question in that appeal, said: "In considering the decrease in value of the residue, the jury would necessarily have to take into account all the inconveniences and other prejudicial facts that were produced by the appropriation, and that went to the depreciation of the value of the remaining land, and when the jury had added the full sum of the diminished value to the full value of the parcel taken, it had then arrived at the amount for which the verdict should have been returned. The jury had no right to go further and consider 'inconveniences and annoyances' as entitling the defendants to additional damage. * * * We have held that danger, arising from the proper operation of a railroad, to the 'occupants of the farm and stock thereon,' is not a proper element of damage, because too remote and speculative to admit of admeasurement. *Indianapolis, etc., Traction Co.* v. *Larrabee* [1907], 168 Ind. 237. So with annoyances, when they relate to mental conditions created by the operation of a railroad, the damage rests so completely on mere surmise and conjecture as to forbid consideration by the courts."

It was annoyances upon which this court in that case laid stress, and held that they were not a proper element of damages because too remote and speculative. But in the instruction here involved the court, as elements of damages, included not only increased danger, but "any other facts or things, * * * that may be either annoying or hurtful to the defendants." Section six of said act of 1905 (§934,

*supra*) in a general way prescribes a rule for assessing damages in a proceeding, under the statute, to condemn property. Under this provision of the statute there is no warrant for assessing speculative damages such as were authorized by the court to be awarded by the charge in question. Counsel for appellees do not attempt to justify the instruction in dispute, but assert that an examination of the evidence will show that the assessment of damages was correct and that therefore the instruction in question was harmless. The damages allowed by the jury appear to be more than double the amount awarded by the appraisers, and there is quite a conflict between the witnesses who testified in favor of appellant upon the question of damages and those who testified in favor of appellees. In this condition of the record there is nothing to disclose to this court that the charge as asserted by appellees was harmless.

Upon another view, the damages in the case are unliquidated, and we cannot, upon the evidence, interpose our judgment in regard to the correctness of the assessment thereof. *Monongahela River, etc., Co.* v. *Hardsaw* (1907), 169 Ind. 147.

Other rulings of the court, relative to giving and refusing to give instructions, are complained of by appellant. These, in part at least, are determined by our decision upon the charge in controversy, and the other rulings, which can be said to be left undecided, possibly will not arise again upon another trial. Therefore we pass them without consideration.

For the error of the court in giving instruction three, the judgment below is reversed, with instructions to the court to grant appellant a new trial.

Hadley, J., not participating.