## The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company v. Crockett.

[No. 22,309. Filed November 24, 1914.]

1. EMINENT DOMAIN.—*Condemnation for Railroad Purposes.—Assessment of Damages.—New Trial.—Grounds.*—That the damages assessed are excessive is not ground for a new trial in a proceeding by a railroad company for the condemnation of ground for its use. p. 492.

2. APPEAL.—*Review.—Verdict.—Conclusiveness.*—The jury is the judge of the facts, and its finding will not be disturbed on appeal on the mere weight of the evidence. p. 492.

3. EMINENT DOMAIN.—*Condemnation for Railroad Purposes.—Admission of Evidence.—Appeal.*—In a proceeding for the appropriation of city lots for railroad purposes, where the cause was tried on the theory that the value of the lots taken was the measure of damages, the company can not complain on appeal that the admission of evidence as to their value was error, and that the true measure of damages is the difference between the value of the lots before the appropriation and afterwards, nor can it complain of the manner of proving the damage to other lots nearby, where no objection as to the manner of proof was made at the time the evidence was offered. p. 492.

4. EMINENT DOMAIN.—*Condemnation of City Lots.—Jury Question.*—In a proceeding for the condemnation of city lots, where the defendant owns other contiguous lots, the question of whether all the lots constitute but one tract of land is a question of fact for the jury, upon which it is entitled to hear and consider the evidence to enable it to properly fix the damages. p. 495.

5. APPEAL.—*Review.—Instructions.*—Where the instructions given by the court on its own motion correctly stated the law and fully covered the requested instructions there was no error in the refusal of the latter. p. 495.

6. EMINENT DOMAIN.—*Condemnation of City Lots.—Assessment of Damages.—Instructions.*—In a proceeding for the condemnation of certain city lots, where defendant claimed that such lots together with other contiguous lots owned by him constituted but a single tract, the court properly refused plaintiff's requested instructions which asked the court to rule as a matter of law that several contiguous lots constitute separate tracts, and its instruction submitting the matter as a question of fact, as to which defendant had the burden of proof, was correct. p. 495.

From Wayne Circuit Court; *Henry C. Fox*, Judge.

Action by The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company against Simeon Crockett. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Walter G. Butler* and *John L. Rupe,* for appellant.
*William H. Kelly* and *Robbins & Robbins,* for appellee.

ERWIN, C. J.—This was a condemnation proceeding tried in the Wayne Circuit Court. Appellant filed a complaint against appellee in June, 1911, to acquire by condemnation certain lots in the city of Cambridge City. Such proceed ings were had in said cause that the court appointed three appraisers who made their report regularly, awarded damages to appellee in the sum of $900. Appellee filed exceptions to the report as to the amount of damages, alleging that damages were inadequate, insufficient and too small. The cause was tried by a jury and resulted in a verdict for appellee in the sum of $1,950. Appellee was the owner of a number of lots in blocks 17 and 20, of which lots Nos. 20, 21, 22 and 23 in block 17 and lot 12 in block 20 were sought to be acquired by appellant, leaving lots 17, 18, 19 and 24 in block 17 and lots 13 and 14 in block 20 belonging to appellee.

The exceptions to the appraisers' award allege that (1) the appraisers are not disinterested freeholders of the county; (2) that the amount of the award is too small and not sufficient to properly reward defendant (appellee) for the property taken and damages to the balance; (3) that appraisers refused and failed to take into consideration any elements of damages to the remainder of the real estate, described in the complaint, and being contiguous thereto; (4) that appraisers failed to consider as an element of damages injury by fire from the ordinary use of engines and resulting increase of insurance cost upon the remainder of the real estate contiguous to that sought to be acquired.

Appellant assigns as error in this court the refusal of the trial court to grant a new trial. The motion for a new trial

avers the following alleged errors, viz., that the damages awarded are excessive; that the verdict of the jury is not sustained by sufficient evidence; that the verdict is contrary to law; error of law occurring at the trial in the admission and rejection of certain evidence; the giving of twenty-two instructions by the court of its own motion and refusing to give instructions Nos. 1 to 12 inclusive, tendered by plaintiff. The first error complained of is that the damages are excessive. This ground for a new trial applies to actions in tort only and not to proceedings of this nature. *Norris* v. *Churchill* (1898), 20 Ind. App. 668, 51 N. E. 104; *American Quarries Co.* v. *Lay* (1906), 37 Ind. App. 386, 391, 73 N. E. 608. The second cause for a new trial is that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. The jury is the judge of the facts and as there was some evidence to support its verdict, this court will not disturb its finding on the mere weight of the evidence.

It is further contended that the court erred in the admission and rejection of certain evidence. On the trial of the cause the court permitted witnesses to testify to the value of the lots taken, and also to testify to the value of the remaining lots, before the appropriation and after the appropriation for the purpose of showing the damages suffered to the whole tract. Appellant now contends that the court erred in permitting the witnesses to testify to the value of lots 20, 21, 22, 23 and 12, proposed to be taken and insists that the true measure of damages is the value of these lots before the appropriation and afterwards, or in other words, what was the value of the lots before the easement was established and afterwards. Appellant also contends that the court erred in allowing witnesses to testify as to the value of lots 17, 18 and 19 before the appropriation and afterwards for the purpose of fixing the damages to the lots remaining, claiming that the proper manner of making proof, was to show the value of the whole tract, which in-

cluded several lots, before the taking and after the taking. Appellant is not in a position at this time to complain of this testimony either in the form or manner it was presented as to the damage to lots 20, 21, 22, 23 and 12 for the reason that it made no objection at the time of its introduction as to the manner of proving the damages to these lots, and this cause was tried by both parties to the action upon the theory that the damages to lots 20, 21, 22, 23 and 12 was the value of the lots taken. Appellant is in no better position to complain of the proof of damages to lots, 17, 18 and 19 for the reason that no objection was made to the questions propounded seeking to determine the damages to said lots, on the grounds that it was not the proper manner of proving the damages to these lots, but the only objection made by appellant was upon the theory that no damage should be allowed to the remaining lots at all. The objection interposed to all questions seeking to establish damages to lots 17, 18 and 19 was as follows: "The plaintiff objects to the question, on the ground that the lots are platted and numbered separately. The evidence shows they are adopted to separate uses and are not in any way connected together, so that the one depends upon the other, at all, in that no damage can legally be assessed in this action, depending upon the difference in value of lots 17, 18 and 19, before and after the appropriation." This objection was made more than a hundred times during the progress of the trial, and to every question asked during the trial of every witness who testified in relation to lots 17, 18 and 19, and no other objection was made to that testimony. Appellant cannot now insist that the proper manner of proving the damages to the lots in question was by showing the value of all the lots as a whole, before the appropriation and the value of all lots as a whole, after the appropriation. No error can be predicated upon the admission of testimony, unless objection is made to the same at the time it is offered. If appellant had objected to the introduction of the testimony for

the reason it was improper to show the damages to the remaining tracts separate from that taken, or that the proper manner of proof was to show the value of the whole tract before the appropriation, and the value of the whole tract after the appropriation the question it now seeks to raise would have been presented to the lower court, and if the ruling had been adverse to him, might have presented some question to this court for review. A party cannot, on appeal, insist that evidence is incompetent for a reason which he did not assign in his objection to its admission at the time it was offered. This rule is too well established by the decisions of the courts of this and other states to require the citation of authorities.

If appellant had properly saved the question as to the manner of proof by an objection such as he now raises, the court might, and doubtless would have sustained the objection. Suppose we adopt appellant's rule for the measure of damages, and consider nothing but the value of the property actually taken and appropriated, and reject all the evidence relating to the lots remaining, even then the evidence would sustain the verdict. Twenty-two witnesses testified as to the value of the five lots taken, a matter of which appellant does not complain or make any objection, nor criticise the manner of proof; and giving all witnesses equal credit, the finding of $1,950 as the damages suffered by the taking of the five lots only; was within the evidence. The average value of the lots taken as fixed by the twenty-two witnesses who testified as to their value was $1,888.80 being only $61.20 below the amount actually found by the jury. Many witnesses fixed the value of these lots much higher than the damages awarded. The damages to the remaining lots as shown by the average of all the witnesses who testified on that subject are $1,495.87, which if added to the $1,888.80 would amount to $3,384.67, as the actual damages to appellee.

The question as to whether the several lots constituted

but one tract of land was a question of fact for the jury, and it was proper on appellee's theory to admit the evidence, so that in the event the jury found that it was one single tract, it could properly fix the damages. It is held in various states that if two or more contiguous city lots are improved and used as one tract, and any part of said lots is taken, the owner may recover the damages to all. *Chicago, etc., R. Co.* v. *Dresel* (1884), 110 Ill. 89; *Davis Bradley Mfg. Co.* v. *Chicago Traction Co.* (1907), 229 Ill. 170, 82 N. E. 210; *Cummins* v. *Des Moines, etc., R. Co.* (1884), 63 Iowa 397, 19 N. W. 268; *Haggard* v. *Algona School Dist.* (1901), 113 Iowa 486, 85 N. W. 777; Lewis, Eminent Domain (3d ed.) §698, notes.

Error is predicated upon the giving of the twenty-two instructions by the court of its own motion. We have examined the instructions and, taken as a whole, they constitute a fair and impartial statement of the law of this case, and without setting them out we are of the opinion that the court did not err as to the law, as set out in the instructions given. Appellant insists the court erred in refusing to give the instructions tendered by it. But as the entire law of the case was covered by the instructions given the court did not err in refusing them.

The instructions tendered by the appellant, and the refusal to give which is most seriously complained of are those which asked the court to rule as a matter of law, that several lots contiguous to each other constitute separate tracts, and the taking of one or more would not authorize the jury to award damages to the remaining lots, constituting the tract. Whether two or more parcels of land constitute one tract for the purpose of estimating damages or benefits, is a question of fact for the jury, the burden being upon the defendant to establish that fact, and it is not a question of law; therefore the instructions tendered on that proposition were properly refused. *Hoyte* v. *Chicago, etc., R. Co.* (1902), 117 Iowa 296, 90 N. W. 724; *St. Paul,*

*etc., R. Co.* v. *Murphy* (1873), 19 Minn. 500; *Kossler* v. *Pittsburgh, etc., R. Co.* (1904), 208 Pa. St. 50, 57 Atl. 66; *Charleston, etc., Bridge Co.* v. *Comstock* (1892), 36 W. Va. 263, 15 S. E. 69; Lewis, Eminent Domain (3d ed.) §698. The court of its own motion gave the following instruction: "It is ordinarily the rule that when a tract or parcel of land is platted into lots, and the lots numbered, and a plat of the lots so numbered thereon is recorded, as required by law as an addition to or part of an incorporated city or town, the presumption is that such lots, as numbered, are intended to and will be regarded as separate and distinct units for the purpose of description, occupation, use or sale, so that the occupation, use or sale of one of such lots will not depend upon the occupation, use and sale of the others. If one of such lots should be taken and appropriated for public uses the owner thereof would be entitled to recover as compensation therefor, its fair market value at the time of such appropriation, but the owner or owners of the lots not taken, occupied or appropriated, would not be entitled to damage for incidental injuries resulting from such appropriation, although his or their lots might adjoin or lie contiguous to the lot appropriated. The presumption thus existing may, however, be rebutted or overcome by facts and circumstances. If a person owns a number of lots lying contiguous and adjoining each other and occupies and uses the same by himself or through and by his tenants as one tract or parcel, so that the occupation and use of one of the lots for practical purposes depends upon the occupation and use of the others, a different rule will apply. In other words, if the lots taken as a whole, are constantly and habitually occupied and used so that the occupation and use of the other lots in a substantial way so that the taking of one of the lots by reason of its joint occupation and use with the other lots would proximately and substantially injuriously affect the occupation, use and value of such other lots, then the rule as to presumption would be overcome, and the whole of said lots would be

regarded as one tract as far as assessment of damages is concerned in case of an appropriation. As to what the facts are in this case as far as the lots in question are concerned, the court makes neither comment nor suggestion, but submits the matter to the judgment of the jury to be determined from the evidence. As to whether the defendant is entitled to compensation for incidental injuries to his lots other than the ones appropriated and specifically described in the complaint, is for the jury to determine from the evidence under the rules above stated. The burden of proving that the lots, the plaintiff railroad is seeking to appropriate, should not be considered separate and independent from defendant's other lots, but should be considered in connection therewith and as forming part of tracts to be considered as such in the assessment of damages as defendant claims, is upon the defendant.''

There being some evidence to sustain the verdict of the jury, both as to the lots constituting but a single tract, and the damages awarded, we can not weigh the evidence or determine conflicts therein. Judgment affirmed.

NOTE.—Reported in 106 N. E. 875. As to compensation to owner when lands are taken for railroad right of way, see 19 Am. St. 458. See, also, under (1) 15 Cyc. 908; (2) 3 Cyc. 348; (3) 15 Cyc. 956; (4) 15 Cyc. 864; (5) 38 Cyc. 1711; (6) 15 Cyc. 864.