CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY *v.* ADER ET AL.

[No. 22,695. Filed November 4, 1915. Rehearing denied January 7, 1916.]

1. EMINENT DOMAIN.—*Condemnation Proceedings. — Pleading. — Amendment During Trial.*—Where, after defendants in a condemnation proceeding had rested their case, the railroad company asked leave to amend its instrument of appropriation by inserting aver-

ments to the effect that it would make good and restore any damage done to defendant's drainage system, and supported its application to amend by affidavits showing that it was during the trial that the company first learned that defendants were claiming that the building of the road would affect their drainage, the action of the court in refusing leave to amend was not an abuse of discretion, in view of counter affidavits filed by defendants showing that they had discharged their witnesses and that they could not then secure their return. p. 237.

2. PLEADING.—*Amendment During Trial.—Discretion of Court.*— The right to amend pleadings during the trial is within the sound discretion of the court, and its refusal to permit an amendment is not error in the absence of a showing that such discretion has been abused. p. 238.

3. APPEAL.—*Record.—Excessive Verdict.*—No question is presented as to the excessiveness of the amount of recovery, where the evidence is not in the record. p. 239.

4. EMINENT DOMAIN.—*Condemnation Proceedings.—New Trial.— Excessive Verdict.*—That the amount of the recovery is excessive is not ground for a new trial in a condemnation proceeding. p. 239.

5. APPEAL.—*Questions Presented.—Objections to Evidence.*—No question is presented on the action of the trial court in permitting a certain question to be propounded to a witness, where appellant's brief does not disclose any objection or the reservation of any exception thereto, and does not show what the answer was, or that the question was answered at all. p. 239.

6. APPEAL.—*Review.—Objections to Instructions.—Waiver.*—Objection that certain instructions were erroneous is waived by failure to point out the error. p. 239.

7. EMINENT DOMAIN.—*Condemnation Proceedings.—Damages.—Instructions.*—In a proceeding for the condemnation of land for railroad purposes, an instruction stating the items proper to be considered on the question of damages was not objectionable for advising a consideration of the danger and liability of fires, on the theory that under §§5525a, 5525b Burns 1914, Acts 1911 p. 186, railroad corporations are liable for damages from fires set out by their locomotive engines. p. 240.

8. EMINENT DOMAIN.—*Condemnation Proceedings.—Damages.—Instructions.*—In a proceeding for the condemnation of land for railroad purposes, an instruction stating the elements to be considered on the question of damages, and that "the annoyance and inconvenience, if any  * * *  in crossing the railroad over the land appropriated, from one part of each of the defendants' farms to another," could be considered, was not open to the objection that it authorized a recovery for mental suffering. (*Indianapolis, etc., R. Co.* v. *Hill* [1909], 172 Ind. 402, distinguished.) p. 241.

9. EMINENT DOMAIN.—*Condemnation Proceedings.—Damages.*—In condemnation proceedings damages may be awarded only for sub-

stantial injury and such as tends to depreciate the market value of the land, and there can be no recovery for mental suffering.  p. 241.

10. EMINENT DOMAIN.—*Condemnation Proceedings.—Damages.*—Injury to drainage and the disarrangement of fences, fields and lanes, are each elements of damages to be considered in condemnation proceedings.  p. 242.

From Montgomery Circuit Court; *Jerre West*, Judge.

Condemnation proceedings by the Chicago, Indianapolis and Louisville Railway Company against Adam Ader and others. From the judgment rendered, the railroad company appeals. *Affirmed.*

*Thomas & Foley, H. R. Kurrie, E. C. Fries* and *C. C. Hine*, for appellant.

*Hays & Murphy* and *Johnston & Johnston*, for appellees.

ERWIN, J.—This was an action by appellant to condemn certain real estate belonging to appellees, for railroad right of way. The original proceedings were filed in Putnam County. Appraisers were appointed and made report, assessing the damages as to each tract of land affected. To this report of the viewers appellant filed exceptions. Trial by jury and verdict for appellees. Appellant assigns errors in this court as follows: (1) the court erred in overruling appellant's motion to amend its instrument of appropriation in said cause; (2) the court erred in overruling appellant's motion for a new trial.

During the progress of the trial and after the defendants (appellees) had rested, appellant moved the court for leave to amend its instrument 1. of appropriation by inserting therein the following: "Said railway company will make good and restore any damage done to the tile drainage now in place in and under the right of way sought to be appropriated by this instrument of ap-

propriation which may hereafter occur by reason of the occupancy and use of the lands of the several owners sought to be appropriated, and the right is granted to said several owners to put in such additional tile drainage as they severally may see fit in and across said lands so appropriated. And said railway company agrees to and will, at its own expense, put in and maintain such part of said additional tile drainage, if any, as may be required, under its right of way so acquired, adjoining the lands of said several owners." This application to amend was supported by affidavit of appellant's engineer and the attorneys for appellant, showing that it was at the trial that they first learned that appellees were claiming that the building of the road upon their land would affect their drainage. To this motion and affidavits, appellees filed a counter affidavit showing that this motion was made after they had rested their case and had discharged their witnesses, and that all their witnesses resided in Putnam County, and that they could not secure their return at that time or in time to be heard at the trial of said cause. The whole matter was submitted to the trial court and the offered amendment was rejected. The right to amend pleadings during the trial is within the sound discretion of the trial court and its refusal to permit an amendment is not error unless it is shown that the court has abused its discretion. *Evansville Terminal Railway* v. *Heerdink* (1910), 174 Ind. 537, 540, 92 N. E. 548; *Whitcomb* v. *Stringer* (1903), 160 Ind. 82, 66 N. E. 443; *Chicago, etc., R. Co.* v. *Hunter* (1891), 128 Ind. 213, 27 N. E. 477; 31 Cyc 398, *et seq.; Citizens St. R. Co.* v. *Heath* (1902), 29 Ind. App. 395, 62 N. E. 107. We are of the opinion that the trial court has not abused its discretion. In the motion for a new trial appellant

seeks by its first two causes to raise the question of the refusal of the court to allow the amendment and to withdraw the case from the jury and grant a continuance. What we have heretofore said disposes of this assignment.

In the third, fourth and fifth causes for a new trial appellant alleges that the recovery is excessive. The evidence not being in the record no question 3. is presented to this court for review on that point. Besides this ground for a new trial applies to actions in tort only and not to proceedings of this nature. *Pittsburgh, etc., R. Co. v. Crockett* 4. (1914), 182 Ind. 490, 492, 106 N. E. 875. Cause 5½ is for the reason that the court erred in allowing a certain question to be propounded to a certain witness for the defense. Appellant's brief fails to show that there was any objection to the question or any exception reserved to the 5. ruling of the court in relation thereto; and it is not shown what the answers were, or that they answered the question at all. This presents no question for review.

The sixth cause for a new trial is that the court erred in giving on its own motion instructions Nos. 1 to 9, inclusive. Not having in any 6. way pointed out wherein it is claimed these instructions are erroneous the same is waived. *Hoover* v. *Weesner* (1897), 147 Ind. 510, 45 N. E. 650, 46 N. E. 905; *City of Fort Wayne* v. *Patterson* (1900), 25 Ind. App. 547, 559, 58 N. E. 747. The seventh cause for a new trial is that the court erred in giving instructions Nos. 1, 2, 3 and 4 tendered by appellees. Appellant makes no point as to instructions Nos. 1, 2 and 4, hence waives all error as to them. Instruction No. 3 reads as follows: "In proceedings of this kind, the law contemplates the assessment of damages not only for the land taken,

but for the injury to the remainder of the
7.   land of the defendants which result or might
result from the appropriation of the land and
the proper construction, maintenance and opera-
tion of the railroad thereon, including such lawful
alterations and changes as the plaintiff might see
fit, in the future, to make in the reconstruction,
maintenance and operation of its railroad thereon.
It is proper for you, if it appears from the evidence,
in fixing the amount of the defendants' damages to
take into account the uses to which the land ap-
propriated may be put in the running of the plain-
tiff's railway trains or cars thereon, the liability and
dangers to the defendants' adjoining property from
fires, not occasioned by the fault or negligence of the
plaintiff, and the interference with the ingress and
egress to and from defendants' adjoining lands, and
the shape and condition in which the defendants'
lands are left after the construction of plaintiff's
railroad on the land appropriated, caused by such
appropriation; the interruption of communication
from one portion of the farm of the defendants to
another resulting from the appropriation of said
lands herein appropriated and the construction,
maintenance and operation, present or prospective,
of the plaintiff's railroad thereon; the interference,
destruction or damage if any to the drainage of the
lands of the defendants not taken by such appro-
priation and construction; the annoyance and in-
convenience, if any, occasioned by said appro-
priation and construction in crossing the railroad
over the land appropriated from one part of each of
the defendants' farms to another; all these matters,
if they appear from the evidence, may be taken in-
to account by you, in addition to the value of the
land actually appropriated, in determining the
amount the defendants herein should have, and in

determining this amount, you are not allowed to take into account any supposed benefit to the defendants by reason of the proposed location and construction of the plaintiff's railroad on the land appropriated, in mitigation of damages."

It is contended by appellant that under the act of 1911 (Acts 1911 p. 186, §§5525a, 5525b Burns 1914), a railroad corporation is liable for damages for all property that may be injured or destroyed by fire set out by its locomotive engines, therefore, the question of danger and liability of fires is not to be considered. All those items directed to be considered are proper in proceedings to condemn lands for railroad purposes. The jury was not told to consider the damages which might be caused by fires in the future, but only the danger and liability of fires. The jury had a right to take into consideration the danger and liability of fires, notwithstanding the statute fixing liability of appellant for the portion of fires caused by its locomotives. 2 Lewis, Eminent Domain (2d ed.) §§496, 497.

It is insisted by appellant that the phrase "the annoyance and inconvenience, if any, in crossing the railroad over the land appropriated, from one part of each of the defendants' farms to another" is erroneous for the reason that it refers to the mental condition of appellees, and that no damages can be awarded for mental conditions, occasioned by the condemnation and occupancy of the land. It is true that nothing could be awarded for any mental suffering or disturbances and that the damages can be awarded for only such as are substantial, and which tend to depreciate the market value of the land. But we do not think the language of the instruction is subject to the interpretation claimed by appellant, or that it

was so intended by the court or understood by the jury. "Annoyance" and "inconvenience" relate as much to physical as mental conditions. In the case of *Indianapolis, etc., R. Co.* v. *Hill* (1909), 172 Ind. 402, 86 N. E. 414, this court held an instruction erroneous which told the jury that it might consider the increased danger, if any, that may be incurred, and any other facts or things if shown by the evidence that may either be annoying or hurtful to the defendants. This instruction clearly confined the annoyance to the defendant, and of course, related to his mental condition, and is distinguishable from the instruction in question. The injury to drainage, the disarrangement of fences, fields and lanes are each elements of damages to be considered by the jury in fixing damages in this class of cases. *New Jersey, etc., R. Co.* v. *Tutt* (1907), 168 Ind. 205, 80 N. E. 420; *Chicago, etc., R. Co.* v. *Nolin* (1906), 221 Ill. 367, 77 N. E. 435. Taken as a whole we are of the opinion that no errors were committed in the giving or refusing to give instructions.

No reversible errors having been presented the judgment is affirmed.

NOTE.—Reported in 110 N. E. 67. As to measure of damages in eminent domain proceedings, see 22 Am. St. 50. As to abutter's right to compensation for railroads in streets, see 36 L. R. A. (N. S.) 673. See, also, under (1) 15 Cyc 859, 860; (2) 31 Cyc 398, 399; (3) 3 Cyc 173; (4) 15 Cyc 908; (5) 3 C. J. 1415, 1416; 2 Cyc 1015; (6) 29 Cyc 949; (7) 15 Cyc 902, 903; (9) 13 Cyc 45; (10) 15 Cyc 759.