### WATSON v. STATE OF INDIANA.

[No. 24,859. Filed November 18, 1925.]

1. CRIMINAL LAW.—*Causes for arresting judgment stated.*— Under §2326 Burns 1926, §2159 Burns 1914, a judgment can be arrested only because the grand jury was without authority to return the indictment, because the offense was not within the jurisdiction of the court, or that the facts stated in the indictment do not constitute a public offense. p. 706.

2. CRIMINAL LAW.—*Specifications in motion in arrest of judgment waived where no attempt made to support them on appeal, by argument or citation of authorities.*—Error in ruling on a motion in arrest of judgment was waived where there was no attempt made on appeal, by argument or the citation of authorities, to support the specifications therein of grounds for arresting the judgment. p. 706.

3. CRIMINAL LAW.—*Lack of jurisdiction may be called to court's attention in any manner at any time.*—That trial court did not have jurisdiction of the subject-matter or had not acquired jurisdiction of the party may be called to its attention in any manner whatever at any stage of the proceedings. p. 708.

4. CRIMINAL LAW.—*Jurisdiction of court over defendant not lost by judge going into another county and telephoning directions for jury to render sealed verdict.*—A circuit court, having jurisdiction of the offense with which an accused was charged, and having acquired jurisdiction of the defendant by indictment, arrest, arraignment and trial, was not deprived of jurisdiction by the mere fact that the trial judge, while the jury was deliberating, went into another county, from whence he telephoned directions to the jury to render a sealed verdict and have it delivered to the clerk, which was done, and the verdict was subsequently opened and read in open court. p. 708.

5. CRIMINAL LAW.—*Defendant's petition to be discharged from custody for irregularities of judge and jury properly denied, although they might have been sufficient cause for new trial.*— In a criminal prosecution, the defendant's petition, filed after a verdict of guilty, to be discharged from custody because of irregularities in the proceedings of the court and jury which he claimed prevented him from having a fair trial, was properly overruled, though the facts alleged therein might have been sufficient cause for a new trial under subdivision 1 of §2325 Burns 1926, §2158 Burns 1914. p. 708.

From Lawrence Circuit Court; *John A. Cox*, Judge.

Albert Watson was convicted of manslaughter, and he appeals. *Affirmed.*

*Boruff & Boruff*, for appellant.

*Arthur L. Gilliom*, Attorney-General and *Edward J. Lennon, Jr.*, Deputy Attorney-General, for the State.

EWBANK, J.—Appellant was the defendant below. He was prosecuted on an indictment which, in the customary form alleged, in substance, that the grand jurors of Lawrence county, in the State of Indiana, good and lawful men, duly and legally empaneled, etc., on their oaths present that, on a date named, at said county and state, the defendant "did then and there unlawfully, feloniously, purposely and with premeditated malice kill and murder one Caspar Edwards," by feloniously and with premeditated malice cutting, stabbing and mortally wounding him with a knife, from which mortal wound, he then and there died. Being arraigned, he pleaded not guilty, and after having heard the evidence, the jury returned a verdict finding him guilty of manslaughter. It does not appear that the defendant filed a motion to quash the indictment or a motion for a new trial; and while he did file a motion in arrest of judgment, no attempt has been made by argument or the citation of authorities, to support the specifications in such motion that the grand jury was without authority to return the indictment because the offense was not within the jurisdiction of the court, or that the facts stated in the indictment do not constitute a public offense, which ordinarily are the only causes for which a judgment may be arrested. §2326 Burns 1926, §2159 Burns 1914 (amended by §1, ch. 203, Acts 1925 p. 490). These specifications are therefore waived. Chicago, etc., R. Co. v. Ader (1915), 184 Ind. 235, 239, 110 N. E. 67.

There is no bill of exceptions reciting anything that occurred at the trial or at any time whatever. But the record states that on the fourth day after the verdict was returned, defendant filed a verified statement therein termed "his motion to be discharged," but which counsel representing him in this court designate as a "plea in bar," that concluded by praying "that further

proceedings in this cause be stayed, that sentence be not imposed upon him, and that he be discharged." In this plea or motion, he asserted that the jury was instructed and retired to deliberate on (Saturday) November 15, 1924, in charge of a sworn bailiff; that later the same day, the judge went into another county, from whence he telephoned to the sheriff to instruct the bailiff to tell the jury to seal up their verdict in an envelope and give it to the bailiff, and to have the envelope containing the verdict delivered to the sheriff, who was directed to give it to the clerk; that this instruction was thus telephoned to the sheriff in the absence of defendant, without his consent or the consent of his attorneys, and without any waiver on his part of objections or the right to object thereto; that while defendant was so held in jail and the judge was absent from the county, the bailiff went to the jury room and told the jurors that the judge had instructed them to seal their verdict and deliver it to him, and to separate until the following Monday; that the jury did seal their verdict and deliver it to the bailiff and separate when neither the defendant nor the judge was present, and that such verdict, so sealed, was by the bailiff delivered to the sheriff and by him to the clerk, in the absence of the judge and of defendant, and without the knowledge or consent of defendant or the consent of his counsel, and on the following Monday was, in the presence of the jury and of defendant, opened and read in open court. The prosecuting attorney, on behalf of the State of Indiana, filed a demurrer to said pleading, which he termed "the petition of defendant herein for discharge from custody," for the alleged reason that it did not "state facts sufficient to authorize discharge," and the record recites that this demurrer was sustained, and that defendant excepted.

Thereafter the defendant filed a motion in arrest of

judgment, as was stated above, for the statutory reasons, and also alleging as a reason for such arrest that "the court had no jurisdiction of the defendant, after the jury was instructed to return a sealed verdict and to separate, in the absence of the defendant, and without his knowledge or consent, and without the consent of defendant's attorneys as set out in his plea in bar heretofore filed." This motion was not verified. The court overruled it, and rendered judgment on the verdict. Of course, if the court did not have jurisdiction of the subject-matter, or had not acquired jurisdiction of the party, that fact might be called to its attention, with effect, in any manner whatever at any stage of the proceedings. But there can be no doubt that the circuit court of Lawrence county, Indiana, and a grand jury duly empaneled by it, had jurisdiction of the subject-matter of a prosecution for a felonious homicide committed in "said county and state." And after a person had been duly indicted for that offense, arrested and arraigned, and had entered a plea of not guilty and been tried by a jury, and the jury had returned a verdict finding him guilty of manslaughter, there was no room for doubt that the court had acquired jurisdiction of his person. Neither does appellant deny that complete jurisdiction was thus acquired, or suggest anything to the contrary. But, as we understand his contention, it is that by reason of the alleged acts of the judge, bailiff and jury, after the jury had retired for deliberation and before the verdict was returned and recorded, the result of the trial was vitiated. However, as nothing was shown impeaching or affecting the jurisdiction and authority of the grand jury and the trial court in the matter of indicting, arresting, arraigning and trying the defendant, and as the matters complained of had reference only to the return of the verdict, they could not give him the right

to be released from arrest and indictment and discharged from custody, even though it be conceded that he should have been granted a new trial, on proper application. The mere fact that the trial judge for any reason may have crossed the line into another county, while the jury was deliberating, would not affect the continued jurisdiction of the circuit court over a pending prosecution, the term of court not being adjourned, either expressly or by operation of law. Whether the acts of the judge or the bailiff or the jury, of which appellant complains, gave him the right to a new trial, on making a proper application, is a question not before us. Cases are cited in his brief holding that similar acts constituted "irregularities in the proceedings of the court and jury * * * by which the defendant was prevented from having a fair trial," within the meaning of subdivision 1 of §2325 Burns 1926, §2158 Burns 1914, §282, ch. 169, Acts 1905 p. 584, for which the judgments in those cases were reversed and new trials ordered. But, if it be assumed that the facts alleged in his "plea" or "petition," being true, would give appellant the right to a new trial, they did not deprive the court of jurisdiction to receive the verdict and proceed with the action, nor give the defendant a right to be discharged from custody. And since he did not file a motion for a new trial nor prepare and file a bill of exceptions showing that the alleged irregularities complained of actually were committed by the judge and jury, we decide nothing more than that his request to be discharged from custody was properly refused.

The judgment is affirmed.